**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 95-50629

(Summary Calendar)

_____

DOUGLAS R BROCK,

Plaintiff-Appellant,

versus

SHIRLEY S CHATER, COMMISSIONER OF SOCIAL
SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
For the Western District of Texas
(94-CV-608)

_____

April 17, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Plaintiff Douglas R. Brock appeals the district court's order affirming the decision of the Commissioner of Social Security ("Commissioner") denying Brock's claim for supplemental security income ("SSI") benefits. We affirm.

I

Brock applied for SSI benefits, alleging a disability which prevented gainful employment. After an administrative hearing, at

_____

[*] Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

which Brock represented himself, the administrative law judge ("ALJ") found that Brock was not disabled and denied Brock's claim for benefits. Brock exhausted his administrative remedies and then filed a claim in district court. The district court granted summary judgment for the Commissioner and affirmed the ALJ's decision to deny Brock's claim. Brock filed a timely notice of appeal.

II

Brock argues that the district court erred when it granted the Commissioner's motion for summary judgment. We review a district court's grant of summary judgment de novo, applying the same standard as the district court. *Bodenheimer v. PPG Indus. Inc.*, 5 F.3d 955, 956 (5th Cir. 1993). Summary judgment is appropriate in cases in which there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). In applying this standard to the decision of an ALJ regarding SSI benefits, our review is limited to two inquiries: (1) whether there is substantial evidence in the record to support the decision; and (2) whether the decision comports with relevant legal standards. *Carrier v. Sullivan*, 944 F.2d 243, 245 (5th Cir. 1991).

The ALJ owes a duty to a claimant to develop the record fully and fairly to ensure that his decision is an informed decision based on sufficient facts. *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984). When a claimant is not represented by counsel, the ALJ owes a heightened duty to "scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts." *Id.*

at 1219-20 (citations and internal quotation marks omitted).  We will reverse the decision of an ALJ as not supported by substantial evidence if the claimant shows (1) that the ALJ failed to fulfill his duty to adequately develop the record, and (2) that the claimant was prejudiced thereby.  *Id.* at 1220.

After his hearing, Brock wrote a letter to the ALJ stating that he suffered from depression and the effects of past drug abuse.  Brock contends that the ALJ failed to adequately develop the record by not ordering a consultative examination to investigate these claims of non-exertional impairment.  An ALJ must order a consultative evaluation when such an evaluation is necessary to enable the ALJ to make the disability determination.  *Turner v. Califano*, 563 F.2d 669, 671 (5th Cir. 1977).  A consultative evaluation becomes "necessary" only when the claimant presents evidence sufficient to raise a suspicion concerning a non-exertional impairment.  *Jones v. Bowen*, 829 F.2d 524, 526 (5th Cir. 1987).  We have previously held that isolated comments by a claimant are insufficient, without further support, to raise a suspicion of non-exertional impairment.  *See Pierre v. Sullivan*, 884 F.2d 799, 802-03 (5th Cir. 1989) (holding isolated comments about claimant's low intelligence insufficient to raise suspicion that claimant was mentally retarded).  Brock's only references to depression and drug abuse were made in his post-hearing letter to the ALJ.  He did not mention non-exertional impairments in his original request for benefits; he never sought medical treatment for such impairments; and he did not mention these impairments at

-3-

his hearing. Therefore, we find that Brock's allegations of non-exertional impairments were the kind of isolated comments which are insufficient to raise a suspicion of non-exertional impairment. Consequently, the ALJ was not required to order a consultative examination in order to fulfill his duty to adequately develop the record.

We must now determine whether, in other respects, the ALJ at Brock's hearing satisfied his heightened duty to elicit all relevant facts. In *James v. Bowen*, 793 F.2d 702, 704-05 (5th Cir. 1986), we held that the ALJ satisfied this heightened duty by questioning the claimant about his medical condition, asking about his ability to perform various tasks and daily activities, and inviting the claimant to include anything else in the record. Similarly, in *Carrier v. Sullivan*, we held that the ALJ satisfied this heightened duty by questioning the claimant about his medical condition, asking about the effectiveness of attempted treatments, and inquiring about how the claimant's daily routine had been affected. 944 F.2d at 245. During the hearing at issue in this case, the ALJ extensively questioned Brock about his education, training, and past work history; about the circumstances of his injury; and about his daily routine, pain, and physical limitations. The ALJ also considered a medical report obtained from Brock's treating physician and invited Brock to add other relevant evidence to the record. Based on the foregoing, we find that the ALJ satisfied his heightened duty to fully develop the record.

-4-

We also find that Brock has failed to show that he was prejudiced by the ALJ's alleged failure to fully develop the record. To establish prejudice, a claimant must show that he "could and would have adduced evidence that might have altered the result." *Kane*, 731 F.2d at 1220. Brock points to no evidence that, had the ALJ developed the record further, would have been adduced at the hearing and that could have changed the result. We will not reverse the decision of an ALJ for lack of substantial evidence where the claimant makes no showing that he was prejudiced in any way by the deficiencies he alleges. *Id.*[1]

## III

Having carefully reviewed the record, we conclude that the decision of the ALJ, denying Brock's claim for SSI disability benefits, is supported by substantial evidence and comports with relevant legal standards. Accordingly, the order of the district court granting the Commissioner's motion for summary judgment is AFFIRMED.

---

[1] Brock also alleges that he did not receive adequate notice of his right to counsel, and thus that the district court erred by finding that Brock waived his right to counsel at his hearing before the ALJ. An SSI claimant is entitled to adequate notice of his right to counsel at a hearing before an ALJ. *Clark v. Schweiker*, 652 F.2d 399, 403 (5th Cir. 1981). Generally, without adequate notice a claimant cannot be held to have validly waived his right to counsel. *Id.* at 404. However, as in the case of an unrepresented claimant generally, a claimant who does not validly waive his right to counsel must prove that he was prejudiced thereby in order to merit reversal of the ALJ's decision. *Kane*, 731 F.2d at 1220 (citing *Herridge v. Richardson*, 464 F.2d 198 (5th Cir. 1972)). Brock points to no evidence that would have been adduced and that could have changed the result had Brock been represented by counsel. Thus, even assuming that Brock did not validly waive his right to counsel, his lack of representation does not require us to find that the decision of the ALJ was not supported by substantial evidence.