IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30417
Summary Calendar
_____

JEROME W. HEBERT,

Plaintiff-Appellant,

versus

KENNETH S. APFEL, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 99-CV-817
--------------------
October 31, 2000

Before REAVLEY, DeMOSS and BENAVIDES, Circuit Judges.

PER CURIAM:*

Jerome W. Hebert appeals from the district court's affirmance of the Commissioner's decision denying him social security disability benefits.

He argues that substantial evidence does not support the administrative law judge's (ALJ's) decision that he has the residual functional capacity (RFC) for light work. He also contends that the ALJ failed to develop fully and fairly the record on Hebert's RFC as to the critical date in question, September 30, 1995, Hebert's last day of insured status. From

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

our review of the record, the finding at issue is supported by substantial evidence.  See Selders v. Sullivan, 914 F.2d 614, 618 (5th Cir. 1990).

Hebert argues that the ALJ failed to develop a sufficient record concerning his severe impairment of depression.  He contends that the record is inadequate because the ALJ erred by failing to secure evidence of Hebert's RFC in relation to Hebert's major depression during the relevant period.  He contends that a consultative examination was required under the circumstances.  Even assuming that the ALJ erred and that a consultative examination was necessary, the medical record of the relevant period before Hebert's insured status expired indicates that Hebert was then not suffering from major depression -- the depression increased after the relevant period.  To establish prejudice ensuing from an error, Hebert "must show that he could and would have adduced evidence that might have altered the result."  Brock v. Chater, 84 F.3d 726, 728 (5th cir. 1996).  Hebert fails to establish prejudice.  See id. at 728-29; Pierre v. Sullivan, 884 F.2d 799, 802 (5th Cir. 1989).

Hebert argues that the testimony by the vocational expert does not constitute substantial evidence.  He contends that the hypothetical question to the vocational expert was flawed because the question omitted consideration of chronic pain, a factor identified by two physicians treating Hebert, and because the question failed to focus on the relevant period ending on the last day of Hebert's insured status.  Because the hypothetical question reasonably incorporated the impairments and limitations

recognized by the ALJ and because Hebert had the opportunity to add consideration of other asserted limitations, no error is detected.  See Morris v. Bowen, 864 F.2d 333, 336 (5th Cir. 1988).

AFFIRMED.