IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50366
(Summary Calendar)
_____

JOSE A. JIMENEZ,

Plaintiff-Appellant,

versus

WILLIAM A. HALTER, ACTING COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
(DR-98-CV-1)
--------------------
February 28, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Jose Jimenez appeals from the district court's judgment affirming the denial of his application for Social Security disability benefits. The administrative law judge ("ALJ") determined that the record did not support Jimenez's subjective complaints of pain and that Jimenez was not prevented from performing past relevant work or other work available in the national economy. Jimenez does not directly address any finding that he could perform particular work, but argues that the ALJ (1)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

erred in finding that his pain was not disabling; (2) erred by failing to consider the combined effects of his emotional problems and the side-effects of his medications; and (3) gave insufficient weight to the opinion of his "treating physicians." Jimenez also asserts that the ALJ's decision should be reversed because of delays in resolving the claim.

Our review "is limited to determining whether the decision is supported by substantial evidence in the record and whether the proper legal standards were used in evaluating the evidence." Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. at 1021-22 (internal quotation and citation omitted). We may neither reweigh the evidence nor substitute our judgment for that of the Commissioner. Id.

The record shows that the ALJ adequately considered evidence of Jimenez's subjective complaints of pain and that the ALJ's conclusions were supported by substantial evidence in the record.

The ALJ did not err in discrediting Jimenez's complaints based on the alleged combined effects of emotional problems and medication side-effects. In the absence of record evidence pertaining to these complaints, Jimenez's "isolated comments" at the ALJ hearing were "insufficient . . . to raise a suspicion of non-exertional impairment." Brock v. Chater, 84 F.3d 726, 728 (5th Cir. 1996).

2

Jimenez also failed to show that any physician had a continuing medical relationship with him that would justify considering such a doctor as his "treating" physician as defined by the Social Security Regulations. See 20 C.F.R. § 404.1502. Moreover, he failed to show that any physician, "treating" or otherwise, had found him to be disabled within the meaning of the Social Security Act during the relevant period.

The progress of Jimenez's case was delayed for two years at the administrative level because the Commissioner lost the recording of the first ALJ hearing. The case was also delayed by a remand for a second ALJ hearing to correct defects in the first. The present court action was delayed by Jimenez's own requests for extensions and a stay in an attempt to consolidate the present claim with a claim for Supplemental Security Income. There are no deadlines for resolving Social Security cases. Heckler v. Day, 467 U.S. 104, 113-15 (1984). Although the administrative delays are regrettable, such things are bound to occur in many large organizations; and Jimenez has failed to show that the delays in question justify an otherwise unwarranted finding of disability.

Jimenez fails to show that he was unable to return to his past relevant work or other work in the national economy. The ALJ's decision is supported by substantial evidence in the record, and the ALJ applied the proper legal standards in evaluating the evidence. Accordingly, the judgment of the district court is AFFIRMED.

3