United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 2, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20469
Summary Calendar
_____

DORRIS N. GLOVER,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CV-3843
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Dorris N. Glover appeals the district court's summary judgment affirming the Commissioner's decision to deny her applications for a period of disability, disability insurance benefits, and supplemental security income pursuant to the Social Security Act. Glover argues that the administrative law judge (ALJ) relied on defective hypothetical questions in denying her disability benefits and that consequently the ALJ's decision was not supported by substantial evidence; that the ALJ failed to properly consider her

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

subjective complaints of pain; and that the ALJ abused her discretion in denying Glover's request for a medical expert to testify at the hearing.

Contrary to Glover's contentions, the hypothetical questions posed to the vocational expert (VE) by the ALJ were not defective, as the questions reasonably incorporated all of the disabilities recognized by the ALJ. Bowling v. Shalala, 36 F.3d 431, 436 (5th Cir. 1994). Glover's counsel was also given the opportunity to suggest to the VE additional disabilities, including Glover's pain and the side effects of her pain medication, not recognized by the ALJ's findings. Id.

Although Glover contends that the ALJ's findings based on the hypothetical questions were not sufficiently supported, record evidence adequately supports the disabilities recognized by the ALJ, see id., and substantial evidence supports the ALJ's finding that Glover's limitations were not totally disabling. See Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988). The ALJ considered all of the evidence presented at the administrative hearing. The ALJ determined that although Glover had severe impairments, she was still capable of performing substantial gainful activity. These findings are supported by the medical records Glover submitted in support of her applications. See Johnson, 864 F.2d at 343-44. Furthermore, the ALJ's determination regarding the disabling nature of Glover's pain is entitled to considerable deference. Chambliss v. Massanari, 269 F.3d 520, 522 (5th Cir. 2001). In light of this

standard, and considering the lack of objective medical evidence corroborating Glover's subjective complaints of pain, we must uphold the ALJ's conclusion that Glover's alleged pain was not sufficient enough to prevent substantial gainful employment.  <u>See id.</u>; <u>Johnson</u>, 864 F.2d at 347.

Finally, although Glover contends that the ALJ abused her discretion in denying her request for a medical expert to testify at her hearing, Glover points to no evidence that, had the ALJ allowed a medical expert to testify, would have been adduced at the hearing and that could have changed the result of the proceeding. <u>Brock v. Chater</u>, 84 F.3d 726, 728-29 (5th Cir. 1996).  Because Glover fails to show that she was prejudiced by the ALJ's denial of her request for a medical expert, her argument that the ALJ abused her discretion is without merit.  <u>See id.</u>

Accordingly, the district court's judgment is AFFIRMED.