United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 18, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30447
Summary Calendar

FREDDIE L. ATKINS,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:02-CV-2133
--------------------

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Freddie L. Atkins appeals the district court's affirmance of
the Social Security Commissioner's decision to deny him
disability insurance benefits and supplemental security income
under the Social Security Act. Atkins contends that the
Commissioner's decision was not supported by "substantial
evidence." Atkins alleges that the Administrative Law Judge
(ALJ) erred by determining that Atkins' impairments did not meet
or equal certain Impairment Listings. Atkins, however, has not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

demonstrated that his impairments satisfy or medically equal the requisite criteria for Impairment Listings 3.10 and 4.03.

Atkins also asserts that the ALJ erred by not adequately considering Atkins' impairments in combination when determining disability status. The ALJ did consider Atkins' impairments in combination but determined that they did not constitute a disabling combination of impairments. Without more, Atkins mere allegation that the ALJ's consideration was "inadequate" is without merit.

Atkins further contends that the ALJ erred by determining that Atkins' testimony regarding his impairments was not credible. The ALJ is entitled to determine credibility and weigh testimony. Greenspan v. Shalala, 38 F.3d 232, 237 (5th Cir. 1994). The ALJ's credibility determination is entitled to great deference. Newton v. Apfel, 209 F.3d 448, 459 (5th Cir. 2000). The ALJ set forth several facts underlying the determination that Atkins was not credible, including citations to medical record evidence. In light of the discretion to which the ALJ is entitled, this contention has no merit.

Atkins also argues that the ALJ erred by determining that Atkins retained the residual functional capacity (RFC) to perform a full range of medium work, except for any work involving hazardous machinery or unprotected heights. Medium work requires lifting no more than 50 pounds at a time, with frequent lifting of objects weighing up to 25 pounds. 20 C.F.R. § 404.1567(c).

The ALJ determined that Atkins' allegations regarding his impairments were not credible.  The ALJ found that Atkins ability to perform basic work activities was not significantly limited.  The ALJ set forth several facts underlying the determination that Atkins was capable of performing a full range of medium work, and Atkins has failed to show that the ALJ's determination was not supported by substantial evidence.

Atkins further contends that the ALJ erred by not requesting the assistance of a medical expert.  Because the regulations do not mandate that the ALJ ask for and consider opinions from medical experts, this court will reverse the ALJ's decision not to utilize a medical expert "if the claimant shows (1) that the ALJ failed to fulfill his duty to adequately develop the record, and (2) that the claimant was prejudiced thereby."  Brock v. Chater, 84 F.3d 726, 728 (5th Cir. 1996).  "To establish prejudice, a claimant must show that he could and would have adduced evidence that might have altered the result."  Id. (internal quotation marks and citation omitted).

Although Atkins contends that a medical expert was needed to interpret medical records and to explain the combination effect of Atkins' impairments, Atkins points to no evidence that, had the ALJ allowed a medical expert to testify, would have been adduced at the hearing and that could have changed the result of the proceeding.  See id. at 728-29.  Accordingly, Atkins fails to

show that he was prejudiced by the ALJ's failure to request a medical expert.

Lastly, Atkins asserts that the ALJ erred by relying on the Medical-Vocational Guidelines instead of a vocational expert when determining that Atkins could perform a full range of medium work in the national economy. "When the claimant suffers only from exertional impairments or his non-exertional impairments do not significantly affect his residual functional capacity, the ALJ may rely exclusively on the Guidelines in determining whether there is other work available that the claimant can perform." Selders v. Sullivan, 914 F.2d 614, 618 (5th Cir. 1990). As discussed above, the ALJ properly determined that Atkins' allegations of significant impairment due to his nonexertional impairments were not credible to the extent alleged and, as such, did not significantly affect Atkins' ability to perform medium work. Thus, the ALJ was entitled to rely exclusively on the medical vocational guidelines. Selders, 914 F.2d at 618.

As a result of the foregoing, the decision of the district court affirming the Commissioner's denial of benefits is AFFIRMED.