Brandy Nicole FREEMAN–PARK

v.

Jo Anne B. BARNHART, Commissioner of Social Security Administration

No. 1:04 CV 663.

United States District Court,
E.D. Texas,
Beaumont Division.

May 24, 2006.

Brandi Nicole Freeman–Park, Beaumont, TX, Pro se, proceeding in forma pauperis, for Plaintiff.

Kendall M. Rees, Dallas, TX, for Defendant.

### MEMORANDUM OPINION ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

CLARK, District Judge.

The Court ordered that this matter be referred to the Honorable Earl S. Hines, United States Magistrate Judge, for con-

sideration pursuant to applicable law and orders of this Court. The Court has received and considered the Report of the United States Magistrate Judge pursuant to such order, along with the record, pleadings and all available evidence. No objections to the Report of the United States Magistrate Judge were filed by the parties.

Accordingly, the findings of fact and conclusions of law of the United States Magistrate Judge are correct, and the Report of the United States Magistrate Judge is **ADOPTED**. A Final Judgment will be entered separately, remanding this action to the Commissioner for rehearing.

## *REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE*

HINES, United States Magistrate Judge.

This case is referred to the undersigned United States Magistrate Judge for review, hearing if necessary, and submission of a report with recommended findings of fact and conclusions of law. *See* 28 U.S.C. § 636(b)(1)(B) and Local Rules for the Assignment of Duties to United States Magistrate Judges. Jurisdiction is invoked pursuant to Title 42, United States Code, Section 405(g).

### I. NATURE OF THE CASE

Plaintiff seeks judicial review of the Commissioner of Social Security Administration's (SSA) decision denying her applications for disability insurance benefits and supplemental security income benefits. United States district courts may review such decisions. 42 U.S.C. § 405 (2003).

Plaintiff's alleged disability arises from both physical (back, neck, right arm and right shoulder) and mental (depression, anxiety and social phobias) impairments.

Plaintiff alleges that a *subsequent* application was *granted* based on disabling mental impairments.[1] Therefore, in this proceeding, she challenges only the Commissioner's decision denying her *March 17, 2001,* applications. Since plaintiff now receives benefits, this action relates only to a relatively short period of time, i.e., the alleged date of disability onset— March 17, 2001—through November 20, 2003, when benefits were denied.

### II. PROCEEDINGS

When her applications were filed, plaintiff lived in Kansas City, Missouri, and was represented by counsel, Sharon J. Meyers, Esq. Administrative law judge (ALJ), John L. Geb, scheduled an evidentiary hearing on August 6, 2003. However, that hearing was postponed because plaintiff had moved to Crystal Beach, Texas.

The Commissioner then transferred plaintiff's application to The Office of Hearings and Appeals (OHA) in Bellaire; Texas. The Chief Administrative Law Judge for that office (name not in transcript) acknowledged plaintiff's request for an evidentiary hearing, and advised her that she would receive advance notice of the hearing at least 20 days before its date. Tr. 45. That letter also provided plaintiff with general information about the hearing process and listed certain things that she should do to prepare.

Included in the letter was a section entitled "Your Right to Representation." That section advised plaintiff of her right to be represented by a lawyer or another person. It stated that a lawyer could help get evidence and prepare for the hearing. It stated that lawyers charge fees but that some organizations might represent plaintiff free of charge. It listed organizations that might assist plaintiff in obtaining a

---

1. *See* Pl.'s Am. Mot. for Summ. J. at 4 (Docket No. 20–1); SSA Letter at 1 (Docket No. 20–2).

private attorney, or free legal representation. Finally, it advised plaintiff of the possibility of contingency arrangements.

ALJ Ralph W. Jones set plaintiff's rescheduled hearing for September 22, 2003, in Bellaire, Texas. Plaintiff appeared unrepresented, and moved for continuance. ALJ Jones granted a continuance, and instructed plaintiff to retain a representative. Supp. Tr. 350. ALJ Jones informed plaintiff that he would reschedule her hearing, but in fairness to other social security claimants, he would be reluctant to continue the matter again. Supp. Tr. 349–50. ALJ Jones then reset plaintiff's hearing for October 28, 2003. The notice for that hearing stated:

> If you want to have a representative, please get one right away. You should show this notice to anyone you may appoint. You or that person should also call this office to give us his or her name, address, and telephone number.

Tr. 61.

Plaintiff appeared on October 28, 2003, albeit late, and was still unrepresented.[2] She signed a waiver of right to counsel and proceeded. Plaintiff alleges that a lady who handed her the waiver form told her that ALJ Jones was upset with her for being twenty-five minutes late, and that he would not likely grant another continuance. Plaintiff states that she was in a *"panic attack shaking, crying, not thinking clearly, and terribly upset"* when she signed the waiver. Pl.'s Am. Mot. for Summ. J. at 3.

At the hearing's outset, ALJ Jones noticed plaintiff was not represented. He asked if she was ready to proceed. Plaintiff replied, *"[y]es, sir, as ready as I'll ever be."* Tr. 325. ALJ Jones then confirmed that plaintiff had submitted her signed

waiver, and proceeded with nothing further on that topic.

### III. THE ADMINISTRATIVE DECISION

On November 20, 2003, ALJ Jones ruled plaintiff not disabled based on his analysis of the five-step sequential evaluation process under 20 C.F.R. §§ 404.1520, 416.920. ALJ Jones found that although plaintiff was not currently engaged in a substantial gainful activity and had severe impairments, she had residual functional capacity to continue her career as an x-ray and radiology technician. Further, ALJ Jones concluded that plaintiff's physical and mental limitations do not prevent her from performing other light, unskilled work.

On January 19, 2004, plaintiff filed a request for review by the Appeals Council. Plaintiff argued invalid waiver of counsel and requested that additional evidence be submitted. On August 27, 2004, the Appeals Council denied plaintiff's request for review. Thereafter, plaintiff filed for judicial review in the Eastern District of Texas, Beaumont Division, on October 21, 2004.

### IV. MOTION FOR SUMMARY JUDGMENT

Because plaintiff proceeds *pro se*, the court ordered the Commissioner to file a transcript of proceedings, and requested that the Commissioner accompany the transcript with a motion for summary judgment should the Commissioner advocate affirming the administrative disposition. On July 29, 2005, the Commissioner filed a motion for summary judgment, and shortly thereafter filed a transcript and supplemental transcript of proceedings. The Commissioner's motion generally argues the ALJ's decision should be upheld because it is supported by substantial evi-

---

**2.** Plaintiff asserts that an attorney refused to take her case only moments before the hear-

ing. Pl.'s Am. Mot. for Summ. J. at 3; *see also* Tr. 68.

dence and based on correct legal standards.

Plaintiff responded with a document titled "Plaintiff's Motion for Summary Judgment" (Docket No. 19).[3] Her response asserts two errors: (1) plaintiff's waiver of right to counsel was invalid; and (2) ALJ Jones failed to consider all relevant medical records. Plaintiff argues she was under duress and felt pressured to proceed with her hearing without counsel. In addition, she claims the ALJ did not receive all of her medical records that would have revealed her manic depressive disorder.

The Commissioner did not reply to either argument.

### V. DISCUSSION AND ANALYSIS

■ Social security claimants have a statutory right to counsel at any social security hearing. 42 U.S.C. § 406 (2003). Waiver of this right to counsel must be knowing and intelligent. *Brock v. Chater*, 84 F.3d 726, 729 n. 1 (5th Cir.1996). Even a claimant who states unequivocally that (s)he waives right to counsel must have received adequate notice of "the scope of [that] right." *Gullett v. Chater*, 973 F.Supp. 614, 620 (E.D.Tex.1997).

■ To ensure a claimant receives adequate notice to effect a valid waiver of right to counsel, an ALJ must apprise a claimant of (a) how an attorney can assist claimant in the hearing; (b) sources of free counsel and possibility of contingency arrangements; and (c) limitation of attorney fees to twenty-five percent of past due benefits. *Id.* (citing *Clark v. Schweiker*, 652 F.2d 399, 403 (5th Cir.1981)). After giving a claimant written notice prior to the hearing, "[t]he ALJ should then provide *oral notification* at the hearing to ensure that a claimant who appears *pro se*

at a hearing has been made *aware* of the options for obtaining counsel so that her or his waiver is *knowingly and intelligently effected.*" *Id.* at 621 (citing *Frank v. Chater*, 924 F.Supp. 416, 426 (E.D.N.Y.1996)) (emphasis added). Additionally, at the hearing the ALJ should ascertain whether claimant had a "meaningful opportunity to secure counsel and, if not, consider adjourning the hearing to provide that opportunity." *Id.* (citing *Frank*, 924 F.Supp. at 426).

■ In this case, the Chief Administrative Law Judge provided plaintiff with written notice of her right to counsel, advised her of sources for obtaining counsel, and advised her of the possibility of contingency arrangements. Moreover, ALJ Jones did reset plaintiff's hearing once in order for her to retain counsel. However, neither the Chief Judge nor ALJ Jones advised plaintiff of statutory limitations on attorney fees in social security cases. Further, ALJ Jones provided no oral notification whatsoever, nor did he take steps to ascertain that plaintiff actually was aware of her options for obtaining counsel, or that her waiver was voluntarily, knowingly and intelligently effected. Therefore, under *Gullett v. Chater* and cases cited therein, the court must conclude that plaintiff's waiver was ineffective.

■ Invalid waiver alone, however, is not enough to remand the cause. Plaintiff must show prejudice to merit remand. *Brock*, 84 F.3d at 729 n. 1 (citing *Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984)). To establish prejudice, plaintiff must show that counsel "could and would have adduced evidence that might have altered the result." *Id.* at 728. Absent proof of prejudice resulting from invalid

---

**3.** On August 23, 2005, plaintiff filed an amended response which she titled "Amended Plaintiff's Motion for Summary Judgment" (Docket No. 20). The only difference between the original response and the amended response is that the latter contains a copy of plaintiff's proof of service.

waiver, the court may still affirm the ALJ's decision. *See id.*

Plaintiff claims important records from the Research Mental Health Services (RMHS) in Lees Summit, Missouri, would have shown that plaintiff was diagnosed in November, 2001, as having a manic depressive disorder. Plaintiff also alleges that other missing medical records from 1999 would have shown severe physical trauma to her right shoulder, neck and back.

■ An attorney undoubtedly would have obtained these records. Moreover, had RMHS mental health records shown plaintiff as suffering from a severe manic depressive disorder, such evidence undoubtedly would have affected and more than likely changed the medical expert's opinion as to whether plaintiff's mental disorder met the requirements of the presumptively disabling Listing 12.04 concerning affective disorders.[4] Further, the Commissioner's subsequent finding that plaintiff is disabled due to manic depressive disorder raises a permissible inference that the additional evidence would have confirmed plaintiff's claim that her disabling mental disorder existed during the time at issue. Thus, plaintiff succeeds in showing that ALJ Jones's decision might have changed had the additional evidence been considered. This suffices to establish prejudice arising from an invalid waiver of right to counsel.[5]

■ A related error, not specifically argued by plaintiff, is ALJ Jones's failure to abate the proceedings and obtain addi-tional medical records that plaintiff identified at the evidentiary hearing. *See* Tr. 328, 333 & 337. When a claimant proceeds *pro se,* an ALJ has a heightened duty "to develop the facts fully and fairly and to probe conscientiously for all of the relevant information." *Gullett,* 973 F.Supp. at 622 (quoting *Ware v. Schweiker,* 651 F.2d 408, 414 (5th Cir.1981), *cert. denied,* 455 U.S. 912, 102 S.Ct. 1263, 71 L.Ed.2d 452 (1982)). When the ALJ fails in this duty, remand is appropriate if claimant was prejudiced by an inadequately developed record. *Id.* at 622 (citing *Binion v. Shalala,* 13 F.3d 243, 245 (7th Cir.1994)). Here, ALJ Jones did not meet his heightened duty, and prejudice exists for the reasons mentioned in the preceding paragraph.

## VI. RECOMMENDATION

The Commissioner's decision should be vacated and the cause remanded for further consideration.

## VII. OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R.Civ.P. 1(a), 6(b), and 72(b).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir.1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions ac-

---

**4.** Dr. Hubert Stuart, M.D., a medical expert, testified from his review of the existing evidence that plaintiff had only myofascial pain and a mood disorder secondary to her general medical condition. Tr. 340. Further, he testified that such conditions fail to meet a listing within Title 20, Code of Federal Regulations, Part 404, Subpart P, App. 1.

**5.** An attorney also would have cross-examined the expert witnesses to explore how plaintiff's mental impairments affect her ability to perform past relevant work and other light, unskilled work. ALJ Jones never asked vocational expert Dr. Karen Nielsen to explain the basis for her opinion that plaintiff could perform such work in light of plaintiff's mental impairments.

cepted by the district court, *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir.1996) (en banc).

April 21, 2006.