THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 7, 2008

Charles R. Fulbruge III
Clerk

No. 07-50628
Summary Calendar

DOMINIQUE HOELCK,

Plaintiff - Appellant,

v.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee.

Appeal from the United States District Court
for the Western District of Texas
1:06-CV-526

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

The plaintiff-appellant, Dominique Hoelck, appeals the district court's order affirming the decision of the Commissioner of the Social Security Administration ("Commissioner") that the plaintiff was not disabled within the meaning of the Social Security Act and thus not entitled to either Disability Insurance Benefits ("DIB"), 42 U.S.C. § 423, or Supplemental Security Income ("SSI"), 42 U.S.C. § 1382c(a)(3). We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Alleging that she could no longer work after February 6, 2003 due to clinical depression, the plaintiff applied for DIB and SSI benefits. Apart from depression, the plaintiff suffered other physical and mental ailments that allegedly contributed to her disability, including, for example, osteoporosis, fibromyalgia, bipolar disorder, and anxiety disorder. Her application was denied. The plaintiff requested and was granted a hearing on her claim for benefits. After hearing testimony from the plaintiff, a medical expert, and a vocational expert and receiving and reviewing additional evidence documenting the plaintiff's various conditions, an administrative law judge ("ALJ") for the Social Security Administration ("SSA") determined that the plaintiff was not entitled to benefits. The ALJ concluded that the plaintiff's conditions, while severe, were not disabling and that the plaintiff retained the capacity for work that exists in significant numbers in the national economy. The Appeals Council for the SSA denied the plaintiff's request for review. As a result, the ALJ's decision became the final decision of the Commissioner. The plaintiff then sought review of that decision in the district court pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The district court affirmed the Commissioner's decision, and the plaintiff now appeals.

On appeal, the plaintiff raises four arguments. First, the plaintiff argues that the ALJ did not properly consider the plaintiff's physical and mental impairments. Second, the plaintiff argues that the ALJ did not properly consider the opinion of her treating physician. Third, the plaintiff argues that the ALJ erred in assessing the plaintiff's credibility with respect to her subjective complaints. Fourth, the plaintiff argues that the ALJ's finding that the plaintiff could perform the light work jobs identified by the vocational expert was not supported by substantial evidence. These arguments are without merit.

Our review of the final decision of the Commissioner is limited to two inquiries: "(1) whether the Commissioner applied the proper legal standard; and

(2) whether the Commissioner's decision is supported by substantial evidence." Waters v. Barnhart, 276 F.3d 716, 718 (5th Cir. 2002); Brock v. Chater, 84 F.3d 726, 728 (5th Cir. 1996). We may neither reweigh the evidence nor substitute our judgment for that of the Commissioner. Audler v. Astrue, 501 F.3d 446, 447 (5th Cir. 2007); Villa v. Sullivan, 895 F.2d 1019, 1022 (5th Cir. 1990).

First, the Commissioner properly considered the plaintiff's physical and mental impairments. Hoelck argues that the ALJ did not give any explanation for the conclusions he reached regarding her residual functional capacity ("RFC"). This is incorrect; the ALJ offered a thorough explanation for his RFC finding, which adequately discussed and mentioned Hoelck's various alleged physical and mental impairments and which was supported by substantial evidence.

Hoelck also accuses the ALJ of impermissibly picking and choosing only that evidence supporting the ALJ's finding. Specifically, Hoelck complains that the ALJ considered only her higher GAF scores, ignoring the lowest of three GAF scores in the record and the one most suggestive of disability.[1] While the ALJ did not expressly mention the lowest GAF score, the ALJ noted the medical visit in which the plaintiff received that score, suggesting that the ALJ did in fact consider it. Moreover, as the district court correctly noted, this lowest GAF score was assessed by a non-physician at the initiation of treatment and, as such, did not come from an acceptable medical source. See 20 C.F.R. §§ 404.1513, 416.913(a). We find no error in the ALJ's failure to expressly mention the lowest GAF score, which the ALJ could have permissibly concluded was entitled to less weight. See Griego v. Sullivan, 940 F.2d 942, 945 (5th Cir.

---

[1] GAF is an acronym for Global Assessment of Functioning. "GAF is a standard measurement of an individual's overall functioning level 'with respect only to psychological, social, and occupational functioning." Boyd v. Apfel, 239 F.3d 698, 700 n.2 (5th Cir. 2001) (quoting AMERICAN PSYCHIATRIC ASS'N DIAGNOSTIC AND STATISTICAL MANUAL at 32 (4th ed. 1994)).

1991) ("It was within the discretion of the ALJ to determine the credibility of the various medical reports in the record . . . .").

Hoelck also complains about the ALJ's reliance on the highest GAF score, arguing that it was produced by a non-examining physician. Her contention is not supported by the record. As the record shows, the physician that assessed that score was in fact an examining physician. In sum, we conclude that the Commissioner properly considered the plaintiff's physical and mental impairments.

Second, the ALJ properly considered the opinion of Hoelck's treating physician. Contrary to Hoelck's assertion, the ALJ did not reject the opinion of Hoelck's treating physician. Rather, the record reflects that the ALJ properly considered the opinion of Hoelck's treating physician in addition to the opinion of another examining physician. Also, Hoelck argues that the ALJ failed to consider evidence of her poor concentration and fatigue. However, there is no indication that the ALJ failed to consider these symptoms in reaching the broader conclusion that the plaintiff suffered from depression, bipolar disorder, and anxiety disorder. To the extent that the ALJ failed to consider the plaintiff's allegations of poor concentration and fatigue, a point which we doubt, the plaintiff has failed to demonstrate any prejudice based on such failure. See Brock v. Chater, 84 F.3d 726, 729 (5th Cir. 1996) ("We will not reverse the decision of the ALJ for lack of substantial evidence where the claimant makes no showing that he was prejudiced in any way by the deficiencies he alleges."). Even crediting the plaintiff's allegations of poor concentration and fatigue, the ALJ's decision was based on substantial evidence.

Third, the ALJ did not err in assessing the plaintiff's credibility with respect to her subjective complaints. The ALJ properly considered the record as a whole, including the available medical evidence and the nature and extent of the plaintiff's daily activities, in determining that the plaintiff's subjective

complaints were not fully credible. See Hollis v. Bowen, 837 F.2d 1378, 1384–85 (5th Cir. 1998) (explaining that the lack of objective factors supporting subjective allegations of pain were properly considered in determining credibility); see also Leggett v. Chater, 67 F.3d 558, 565 (5th Cir. 1995) (considering a plaintiff's daily activities as support for the ALJ's findings that the plaintiff was capable of performing past relevant work). The ALJ's credibility findings with respect to the plaintiff's subjective complaints are supported by substantial evidence.[2]

Fourth and finally, the ALJ's finding that the plaintiff could perform the light work jobs identified by the vocational expert was supported by substantial evidence. The ALJ described three jobs that Hoelck was capable of performing: officer order caller, final assembler, and production line worker. Hoelck points out that the last two jobs described by the ALJ were never identified by the vocational expert. As such, Hoelck argues that the ALJ's finding that Hoelck could perform these other light jobs, not mentioned by the vocational expert, was not supported by substantial evidence. Any error in this regard was harmless because the ALJ correctly identified, at the very least, one job that Hoelck could perform. See Frank v. Barnhart, 326 F.3d 618, 622 (5th Cir. 2003) (applying the harmless error doctrine in the disability benefits context). The plaintiff did not satisfy her burden of rebutting the ALJ's finding that she could perform the job of order caller, of which there are a significant number of jobs in the national economy. See Crowley v. Apfel, 197 F.3d 194, 198 (5th Cir. 1999) (explaining that once the Commissioner establishes that a claimant is capable of performing

---

[2] Hoelck points out that the ALJ mistakenly described Hoelck as attending church three times a week when in fact Hoelck reported going to church only once per week. Hoelck, however, was not prejudiced by this minor mistake. Despite this mistake, the ALJ's decision is supported by substantial evidence.

other gainful employment, the claimant must prove that the claimant cannot in fact perform the alternate work).[3]

The Commissioner's decision is supported by substantial evidence. Finding no reversible error, we AFFIRM.

---

[3] Hoelck argues that she could not perform the jobs identified by the vocational expert because she would inevitably miss more than two days of work per month and the vocational expert testified that the customary tolerance for absences in those jobs was no more than two days per month. The ALJ's did not expressly address this point. Nonetheless, we cannot say the ALJ erred. Hoelck's own treating physician testified that she could maintain appropriate behavior with psychiatric consultation. Based on the record as a whole, the ALJ's conclusions regarding plaintiff's disability are supported by substantial evidence.