IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 30, 2008

Charles R. Fulbruge III
Clerk

No. 07-51451
Summary Calendar

FEDERICO C CHARLES

Plaintiff–Appellant

v.

MICHAEL J ASTRUE, COMMISSIONER OF SOCIAL SECURITY

Defendant–Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:07-CV-58

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

In this administrative appeal, Plaintiff-Appellant Federico C. Charles ("Appellant") challenges the final decision of the Commissioner of the Social Security Administration ("the Commissioner"), who denied his application for Disability Income Benefits based on a finding that he was not disabled under the Social Security Act. The district court upheld the determination of the Commissioner, and Appellant now appeals.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On appeal, Appellant challenges almost every aspect of the Administrative Law Judge's ("ALJ") determination.[1] Having reviewed the record and the briefs, we AFFIRM the judgment of the district court for the following reasons:

1.  The ALJ's decision indicates that he considered all the relevant evidence in determining whether Appellant's impairment met or was medically equivalent to Listing 1.04(a) (Disorders of the spine).  See 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04(a).  Furthermore, the ALJ's determination that Appellant's back condition did not meet or medically equal Listing 1.04(a) was supported by substantial evidence–including: (1) medical evidence indicating that Appellant had no motor loss or weakness, no sensory loss, and normal deep tendon reflex tests, and (2) evidence regarding his back pain and the effects from his pain medication, which the ALJ concluded did not prevent him from doing activities of daily living or sedentary work.[2]

2.  The ALJ's decision indicates that he considered all the relevant evidence in determining Appellant's residual functional capacity.  Furthermore, the ALJ's determination that Appellant could perform sedentary work limited to simple, repetitive tasks with a sit/stand option was supported by substantial evidence–including the medical evidence documenting Appellant's physical abilities and the evidence regarding his pain and the side effects of his pain medication.

---

[1] The Appeals Council denied Appellant's request for review of the ALJ's decision.  Thus, the ALJ's decision became the final decision of the Commissioner, which we review on appeal. Our review of the ALJ's decision is limited to: "(1) whether there is substantial evidence in the record to support the decision; and (2) whether the decision comports with relevant legal standards."  Brock v. Carter, 84 F.3d 726, 728 (5th Cir. 1996).

[2] Contrary to Appellant's characterization, in making this determination, the ALJ did not reject the opinion of Dr. Marquez (a treating physician) or fail to give it controlling weight. Instead, the ALJ resolved an inconsistency between Dr. Marquez's sworn statement and his own treatment notes and sufficiently explained why he resolved the conflict in favor of the treatment notes.

3. Although the ALJ found that Appellant could not perform the full range of sedentary activity, he did not err in using Medical-Vocational Guideline ("Grid Rule") 201.23 as a framework for decision making. The ALJ properly determined that, because Appellant could not perform the full range of sedentary activity, he could not rely on Grid Rule 201.23 to direct a finding of "not disabled." Instead, the ALJ properly used Grid Rule 201.23 as a frame of reference and relied on the testimony of the vocational expert, who testified that there were jobs existing in significant numbers in the national economy that a person with Appellant's residual functional capacity and other vocational factors could perform. See 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(d); Social Security Ruling ("SSR") 96-9p, 1996 WL 374185, at *4-5.[3]

4. In his determination regarding Appellant's allegations about the effects of pain and pain medication, the ALJ considered all the relevant evidence and testimony and found that the medical evidence did not support Appellant's allegations. The ALJ did, however, credit such allegations to the extent that they limited Appellant to sedentary work involving only simple, repetitive tasks. The ALJ sufficiently explained the evidence he relied on to arrive at this conclusion and the reasons why he did not find Appellant's allegations fully credible. These conclusions were supported by substantial evidence.

5. The ALJ properly considered and rejected the non-binding decision of the Tennessee Workers Compensation Court. The ALJ acknowledged the Tennessee Workers Compensation Court's award of benefits and Appellant's claim that he received a 99.9% impairment rating. The ALJ, however, properly determined

---

[3] Although the ALJ did not set a specific time limit for the sit/stand option in his hypothetical questions to the vocational expert, "[p]rocedural perfection in administrative proceedings is not required," and Appellant has not argued how this alleged failure adversely affected his substantial rights. Mays v. Bowen, 837 F.2d 1362, 1364 (5th Cir. 1988). Appellant's other complaints regarding the ALJ's hypothetical questions to the vocational expert are meritless.

that the evidence before him supported his conclusion that Appellant could perform sedentary work.

6. The ALJ did not improperly reject the opinion of Dr. Greg Cates, a rehabilitation counselor, who stated that Appellant was unemployable due to his pain, the side effects of his pain, and his inability to speak English. The ALJ explained that Dr. Cates's opinion was inconsistent with many of Appellant's treating and examining doctors. Although the ALJ stated that these doctors found that Appellant could do "sedentary" to "light" work, the ALJ did not rely merely on these labels; rather, these medical opinions were based on thorough descriptions regarding Appellant's physical ability to perform certain work-related activities.

7. Although a conflict existed between the vocational expert and the Dictionary of Occupational Titles ("DOT") with respect to the ability of a person functionally illiterate in English to perform the types of jobs identified by the vocational expert, the ALJ explained that he did not rely on the DOT because the argument that illiteracy in English precluded employment, taken to its logical conclusion, would mean that "virtually all immigrants would be automatically entitled to disability benefits." Rather, as the vocational expert testified, and the regulations suggest, see 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 201.00(i), persons who are functionally illiterate in English can still perform a significant number of unskilled jobs in the national economy, including the ones identified by the vocational expert.

8. Although the ALJ frequently intervened during Appellant's counsel's cross-examination of the medical and vocational experts, these interventions appear substantially justified. Furthermore, Appellant has failed to show that any interruptions caused him prejudice, as the ALJ's interruptions did not prevent Appellant's counsel from asking all his desired questions and making all his relevant points.

AFFIRMED.