# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 22, 2010

No. 09-30356
Summary Calendar

Charles R. Fulbruge III
Clerk

SALLY B. LAURENT,

Plaintiff - Appellant,

v.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-3831

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Sally B. Laurent appeals the district court's order affirming the decision of the Commissioner of Social Security (Commissioner) denying Laurent's claims for disability insurance benefits (DIB) and supplemental security income (SSI). We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-30356

I.

Laurent applied to the Social Security Administration (SSA) for DIB and SSI payments, based on multiple musculoskeletal impairments and the pain resulting from those impairments.  The SSA determined that Laurent was not disabled and denied her applications.

Laurent requested a hearing, at which she represented herself.  The Administrative Law Judge (ALJ) heard testimony from Laurent and from a Vocational Expert (VE).  The ALJ concluded that Laurent was not disabled and denied her claims for benefits.  Laurent timely requested review from the Appeals Council (AC), which denied review, and the ALJ's decision thus became the final decision of the Commissioner of Social Security.  Laurent sought judicial review of the Commissioner's decision in the district court, which affirmed the Commissioner's decision.  Laurent appeals.

II.

Title 42 U.S.C. § 405(g) limits our review of the Commissioner's decision to "(1) whether there is substantial evidence in the record to support the decision, and (2) whether the decision comports with relevant legal standards." *Brock v. Chater*, 84 F.3d 726, 727-28 (5th Cir. 1996).  "Substantial evidence is more than a mere scintilla," and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (internal quotations omitted).

The Commissioner applies a five-step sequential evaluation process to determine whether a claimant is entitled to disability benefits.  20 C.F.R. §§ 404.1520, 416.920 (2006).  If the Commissioner determines at any step that the claimant is not disabled, the evaluation does not continue to the next step.  *Id*. The claimant carries the burden of proof in the first four steps of the analysis. *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).  Here, the ALJ ended the evaluation after determining at step four that Laurent had the residual

2

functional capacity (RFC) to do her past relevant work as a bench assembler and as a customer service representative.

Laurent challenges the ALJ's determination that she is not disabled. On appeal, she argues that the VE was incorrect as to the level of exertion her prior job as a bench assembler requires, and that her customer service job did not count as past relevant work because it did not constitute substantial gainful activity (SGA) under 20 C.F.R. § 404.1574(b)(2). She therefore argues that she is not able to perform her past relevant work and that the ALJ should have continued to step five of the sequential evaluation process.

Laurent contends the ALJ improperly relied on the VE's testimony that her prior job as a bench assembler was sedentary because that testimony conflicted with the Dictionary of Occupational Titles (DOT). However, in this circuit, when a VE's testimony conflicts with the DOT, "the ALJ may rely on the vocational expert's testimony provided that the record reflects an adequate basis for doing so." *Carey v. Apfel*, 230 F.3d 131, 146 (5th Cir. 2000). Further, "DOT job descriptions should not be given a role that is exclusive of more specific vocational expert testimony with respect to the effect of an individual claimant's limitations on his or her ability to perform a particular job." *Id.* at 145. Here, the VE testified that the bench assembler job was previously performed by Laurent at the sedentary level, and that a person limited to sedentary exertion who must alternate sitting and standing could perform the assembler job as he had seen it performed. There is no indication that the VE's testimony was unreliable and Laurent does not point to evidence that the assembler job is not sedentary, other than the DOT, so the ALJ's reliance on the VE's testimony was proper.

Laurent does not challenge the VE's testimony that she could perform her previous work as a customer service representative, but argues on appeal that her customer service job did not constitute SGA. However, Laurent

No. 09-30356

acknowledges in her reply brief that she earned $7570 as a customer service representative in 2000, which exceeds the minimum required to constitute SGA. 20 C.F.R. § 404.1574(b)(2) Table 1. She does not dispute the Commissioner's calculation of her monthly earnings in that year. Laurent's customer service work does, therefore, constitute past relevant work. The opinions of two doctors that she could perform a range of sedentary activities, which Laurent did not rebut with any objective evidence or contrary medical opinion, is substantial evidence that she could perform her prior sedentary jobs. The ALJ therefore did not err in concluding at step four of the evaluation process that Laurent is not disabled.

The judgment of the district court is

AFFIRMED.