# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30760

United States Court of Appeals
Fifth Circuit

**FILED**

April 26, 2016

Lyle W. Cayce
Clerk

ANTHONY JAMAL THERIOT,

Plaintiff - Appellant

v.

CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL
SECURITY,

Defendant - Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:14-CV-36

Before STEWART, Chief Judge, and JONES and DENNIS, Circuit Judges.

PER CURIAM:*

Anthony Jamal Theriot ("Theriot") appeals a decision denying him benefits under Title II of the Social Security Act, 42 U.S.C. § 423. He claims

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30760

disability as of April 7, 1992, his date of birth, due to hydrocephalus. Finding no reversible error of fact or law, we affirm.

After the Commissioner denied his application for benefits, he received a hearing before an Administrative Law Judge ("ALJ"). Theriot chose to represent himself pro se at the hearing, even after the ALJ informed him of his right to counsel.

The ALJ considered medical evidence in the form of a consultative examination performed by Dr. Levie Johnson approximately ten months prior to the hearing. It indicated that Theriot was diagnosed with hydrocephalus at birth and had a shunt placed to treat it when he was one month old. He had four subsequent shunt revision surgeries, one at age three months, one at age six months, and two in 2003 when he was approximately 11 years old. Dr. Johnson's examination indicated that these treatments did not affect Theriot's ability to function at home, at school, or during other activities. The ALJ also considered a function report that Theriot filled out, which confirmed that his condition did not significantly interfere with his ability to function in daily life. Still, the ALJ initially ordered another consultative examination be performed, but it was subsequently cancelled. Theriot testified at the hearing about his condition, daily activities, and that he did not drink alcohol. The ALJ apparently confused him with another petitioner, asking Theriot why the doctor would say he drank two quarts of vodka per week.

The ALJ's subsequently-issued written report evaluated Theriot's claim using the "five-step sequential analysis":

> (1) whether the claimant is currently engaged in substantial gainful activity (whether the claimant is working); (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals the severity of an impairment listed in 20 C.F.R., Part 404, Subpart B, Appendix 1; (4) whether the impairment prevents the claimant from doing past relevant work

No. 15-30760

(whether the claimant can return to his old job); and (5) whether the impairment prevents the claimant from doing any other work.

*Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005) (citations omitted); *see also* 20 C.F.R. § 404.1520(a)(4).  The ALJ denied his claim at Step Two.  It found that his hydrocephalus was a medically determinable impairment, but that the impairment was not "severe."    *See* 20 C.F.R. § 404.1520(c); 20 C.F.R. § 416.920(c); *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985).

Now counseled, Theriot appealed to the Appeals Council.  It denied Theriot's request for review, rendering the ALJ's decision as the Commissioner's final administrative action.  He further appealed to the district court pursuant to 42 U.S.C. § 405(g), which affirmed the ALJ's decision for the Commissioner.  At each step, he attempted to submit additional medical and non-medical evidence to support his claim.  He now appeals to this Court.

> Our review of the Commissioner's decision is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard.  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  It is more than a mere scintilla and less than a preponderance.  In applying the substantial evidence standard, the court scrutinizes the record to determine whether such evidence is present, but may not reweigh the evidence or substitute its judgment for the Commissioner's. Conflicts of evidence are for the Commissioner, not the courts, to resolve.  If the Commissioner's fact findings are supported by substantial evidence, they are conclusive.

*Perez*, 415 F.3d at 461 (internal citations and quotations omitted).  Applying these standards, we affirm the ALJ's decision.

Theriot's principal argument is that the ALJ's decision was not supported by substantial evidence because the ALJ failed in his duty to fully and fairly develop the record.  *See Brock v. Chater*, 84 F.3d 726, 728 (5th Cir.

1996). The ALJ owes a heightened duty when a claimant appears pro se at the hearing. *Id.* "We will reverse the decision of an ALJ as not supported by substantial evidence if the claimant shows (1) that the ALJ failed to fulfill his duty to adequately develop the record, and (2) that the claimant was prejudiced thereby." *Id.* (citation omitted). Theriot claims the ALJ fell short of this duty by (1) not considering or seeking additional medical evidence from his treating physicians; (2) not following through on its initial order for the second consultative examination; (3) not considering his history of receiving disability benefits as a child; and (4) confusing him with another claimant, as evidenced by the questions regarding alcohol.

Theriot also makes an additional argument that the district court should have remanded the case to consider additional evidence such as that proffered at each stage of his appeals. *See* 42 U.S.C. § 405(g) (The district court "may at any time order additional evidence to be taken before the Commissioner of Social Security, *but only* upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." (emphasis added)).

After a careful review of the briefing and the record, we agree with the district court and magistrate judge that the record does not support Theriot's arguments that the ALJ failed to fulfill his duty to fully and fairly develop the record or that Theriot was prejudiced by the ALJ's alleged failures. Much of the additional evidence Theriot proffered was cumulative of what the ALJ already had before him, and the other charged shortcomings are either legally irrelevant or did not form the basis of the ALJ's decision. Additionally, we agree with the courts below that the case need not have been remanded for consideration of the additional evidence presented to them on appeal. It would not be new or material, nor has Theriot shown good cause for why it was not presented to the ALJ in the first instance. *See* 42 U.S.C. § 405(g).

No. 15-30760

For these reasons, the judgement is **AFFIRMED**.