Rex **ELLIS**, Plaintiff-Appellant,

v.

Otis R. **BOWEN**, M.D., Secretary of Health and Human Services, Defendant-Appellee.

No. 86–1546
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 2, 1987.

Rex Ellis, pro se.

Patrick A. Hudson, Atty., Office of the Gen. Counsel, Dept. of HHS, Joseph B. Liken, Dallas, Tex., for defendant-appellee.

Before POLITZ, WILLIAMS, and JONES, Circuit Judges.

POLITZ, Circuit Judge:

Rex Ellis appeals the rejection of his claim for social security disability benefits. Finding the action by the Secretary supported by substantial evidence and legally correct, we affirm.

## BACKGROUND

Rex Ellis of Dallas spent most of his adult life traveling the country, playing bass for top musical stars of the time—Chuck Berry, Lionel Hampton, Johnny Otis and others.

In the mid-1960's, Ellis' successful music career ended abruptly. He lost his hearing. Permanent nerve damage.

*Focus for Employees,* 1976. As this excerpt from a federal employees' newsletter succinctly explains, Ellis has had an almost total hearing loss since sometime prior to 1970. In 1971, Ellis successfully filed a claim for Social Security benefits, and began receiving disability payments effective September 30, 1970.

In 1976 Ellis became a federal government employee in the Department of Health, Education and Welfare (HEW). That employment continued until 1983, when Ellis was discharged for absenteeism. Ellis filed a complaint with the Equal Employment Opportunity Commission and is pursuing an employment discrimination claim against the federal government and some of its employees. He also filed the instant application for social security disability benefits.

Ellis's application for disability benefits was denied and he appealed. After a hearing an Administrative Law Judge awarded disability benefits retroactive to 1970 and supplemental security benefits from date of filing. The Social Security Appeals Council reversed the ALJ's award of disability benefits. Ellis sought judicial review. The district court upheld the decision of the Appeals Council and Ellis appealed to this court.

*Analysis*

The claim for disability benefits as awarded by the ALJ must be divided into three discrete periods. The first period began September 30, 1970, when Ellis first began receiving disability payments, and continued until February 28, 1977, when payments terminated upon Ellis commencing substantial, gainful employment as an HEW employee. It is manifest that the Appeals Council correctly ruled that Ellis could not now receive disability benefits for the period during which he already received those benefits.

■ The second period spans the period of Ellis's employment by HEW. The Appeals Council found that Ellis was then engaged in substantial, gainful employment and was therefore ineligible for benefits. Ellis contends that his federal job was a subsidized "make-work" program and should not be deemed substantial, gainful employment. As the Council noted in rejecting this contention, the fact that a person works in a sheltered environment or at some other subsidized job does not alone establish disability if the claimant receives substantial earnings. 20 C.F.R. 404.-1574(b). Thus, even if Ellis could establish that he was employed in a sheltered program, under the regulations he was engaged in substantial, gainful employment precluding disability payments for that period.

■ The third period covers the time since Ellis was dismissed from government service. While the decision of the Appeals Council is somewhat cryptic on this point, it correctly found that Ellis was not then protected by the disability provisions of the Social Security Act. 42 U.S.C. § 416(i)(3) provides that a person is eligible for disability benefits only if he was engaged in covered employment for 20 of the 40 quarters preceding the claim for disability. Quarters during which disability payments are actually received are not included in that calculation. 20 C.F.R. 120(e). Ellis's work with the federal government was not covered employment. That work spanned 29 quarters. Even if Ellis had worked in covered employment for each of the other 11 prior quarters which must be used to determine eligibility, he could not have earned the 20 quarters necessary for coverage. The Appeals Council correctly concluded that Ellis could not claim disability benefits for this period.

Ellis next maintains that he was denied an opportunity to introduce new evidence before the district court. The jurisdiction of the courts in reviewing social security appeals is limited by statute. 42 U.S.C. § 405(g). The role of the courts is wholly appellate. We review on the record made before the ALJ. The courts may not take new evidence, and may only remand for that purpose under the discretionary standard established by law, as explained in *Bradley v. Bowen*, 809 F.2d 1054 (5th Cir. 1987). Like the magistrate, we perceive no reason to order a remand in this case. Different facts cannot change a disposition mandated by the law, as a matter of law.

Finally, Ellis claims that he is entitled to damages against the Assistant United States Attorney who represented the government in the district court. Apparently this attorney has been named in Ellis's EEOC complaint, although we cannot determine whether Ellis had any complaint against her prior to the present judicial proceeding. In any event, the claim before this court is totally frivolous and is dismissed out-of-hand.

The judgment appealed is AFFIRMED.