IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-50740
Summary Calendar
_____

ROSIE V. CASTILLO,

       Plaintiff,

ROBERT A. CASTILLO, on behalf of the estate of

Rosie V. Castillo, deceased,

       Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

       Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. A-01-CV-444-SC
_____

February 19, 2003

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Rosie V. Castillo appeals the affirmance of the Commissioner's

denial of her application for Social Security disability benefits.

She argues that: 1) she was not properly notified of her right to

obtain representation; 2) the Administrative Law Judge (ALJ) failed

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to properly develop the record; 3) the ALJ erred in determining that she could return to her past relevant work; and 4) the ALJ failed to determine whether she would be able to maintain employment. "Appellate review of the [Commissioner's] denial of disability benefits is limited to determining whether the decision is supported by substantial evidence in the record and whether the proper legal standards were used in evaluating the evidence."[1]

Because of Castillo's recent death, counsel has moved to substitute Castillo's husband as a party. This motion is GRANTED. Counsel has also moved to remand the case to the administrative level so that new evidence of Castillo's impairment can be addressed. This new evidence consists of the fact of Castillo's recent death, which appellant argues indicates that Castillo's condition was more grave than previously recognized, and a letter from Castillo's physician, in which he determined that Castillo was in poor physical health from August 1995 on. New evidence may be grounds for remand if it is material; this materiality inquiry requires determining whether the evidence relates to the time period for which the disability benefits were denied, and whether there is a reasonable probability that the new evidence would change the outcome of the Commissioner's decision.[2] The new evidence appellant presents here does not warrant remand, because

[1] *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990) (citation omitted).

[2] *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).

2

it does not address Castillo's physical condition during the time period for which benefits were denied, which ended on June 30, 1995.  The motion to remand is therefore DENIED.

Castillo acknowledges that she was told that she could be represented during the proceedings below, but she asserts that she was not adequately informed of relevant facts related to obtaining a representative.  A claimant is entitled to adequate notice of her right to counsel at a hearing before an ALJ.[3]  We conclude that the numerous written notices Castillo received – along with the ALJ's reminder to Castillo at the hearing of her right to counsel – sufficiently informed her of her right to an attorney, and that she validly consented to proceed without representation.[4]  Furthermore,

---

[3] *Brock v. Chater*, 84 F.3d 726, 729 n.1 (5th Cir. 1996).

[4] The record includes four separate notices sent to Castillo that advised her of her right to representation by an attorney. They informed her of the type of assistance an attorney could provide to her during the hearing, that there is a possibility she could qualify for free representation, that she could also acquire counsel who would only receive compensation if she prevailed, and that the Social Security office would withhold a maximum of twenty-five percent of her past due benefits to pay toward the attorney's fee.  Additionally, one such notice included a two-page list of organizations Castillo could contact to obtain free representation. At the administrative hearing, the ALJ reminded Castillo that she had been sent at least two notices that advised her she had a right to be represented by an attorney.  He then confirmed that, despite these notices, "[Y]ou're appearing without counsel, is that right?" Castillo responded, "Right."  He continued, "You're going to represent yourself?  You and your husband?"  Castillo answered, "Right."

The facts here are far different from those presented in *Clark v. Schweiker*, 652 F.2d 399, 403 (5th Cir. 1981), upon which appellant relies.  In that case we held that a benefits claimant had received insufficient notice of her right to counsel because she received only one written notice, which omitted any mention

3

we conclude that even if Castillo had validly waived her right to an attorney, she "points to no evidence that would have been adduced and that could have changed the result had" Castillo been represented by an attorney, and therefore has not demonstrated that she was prejudiced due to the absence of counsel at the hearing.[5]

Because Castillo was not represented by counsel at the hearing, the ALJ was under a heightened duty to scrupulously and conscientiously explore all relevant facts.[6] The transcript shows that the ALJ questioned Castillo and her husband regarding her age, education, ability to read and comprehend, past relevant work, impairments, vision problems, and medical testing and treatment, and gave both Castillo and her husband opportunities to add

---

that she could qualify for free representation and, in fact, suggested by its tone that "any representative whom the claimant" might seek had the right "to demand a fee for these services." *Id.* at 403. The failure of the notice to suggest that the claimant could have received free representation was highlighted at the hearing, when the claimant admitted that she had not sought the services of an attorney because "I don't have any money to get one." *Id.* In contrast, prior to Castillo's hearing, she was informed several times that she might qualify for free representation, and was presented with a lengthy list of organizations in her area that she could contact to pursue this avenue.

[5] *Brock*, 84 F.3d at 729 n.1. As the district court found, no prejudice resulted because, "[c]onsidering the medical evidence dated prior to June 30, 1995, there was nearly a total lack of objective medical evidence on file on which any type of disability finding could be based." Appellant cites to no medical evidence, aside from her doctor's letter that only addresses her medical condition from August 1995 forward, that would have been brought to light by an attorney.

[6] *Id.* at 728.

4

anything else to the record.  We conclude that the ALJ's questions and the Castillos' opportunities to add additional information into the record satisfied the ALJ's heightened duty to develop the record.[7]

Castillo also argues that the Commissioner erred by determining that she could have returned to her past relevant work. Based on the medical evidence and Castillo's own testimony, we find that there was substantial evidence to support the Commissioner's determination that Castillo could perform her past relevant work as of June 30, 1995, the date she was last insured for benefits.[8]

Counsel also moves for remand based on our decision in *Watson v. Barnhart*,[9] asserting that the ALJ erred in not determining whether Castillo could both obtain and maintain employment.  This issue was not raised below; this court ordinarily does not review issues raised for the first time on appeal.[10]  In exceptional circumstances, however, the court "may, in the interests of justice, review an issue that was not raised in the district court."[11]

---

[7] *See James v. Bowen*, 793 F.2d 702, 704-05 (5th Cir. 1986).

[8] *See Villa*, 895 F.2d at 1021-22.

[9] 288 F.3d 212 (5th Cir. 2002).

[10] *See Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001).

[11] *Kinash v. Callahan*, 129 F.3d 736, 739 n.10 (5th Cir. 1997).

*Watson* was issued over two months before the district court issued its own opinion in the instant case.  In addition, as noted in *Watson*, the requirement that the ALJ determine the ability to maintain employment, first announced in *Singletary v. Bowen*,[12] already had been extended to claimants suffering physical disabilities.[13]  We also note that counsel has not even explicitly argued that the medical evidence showed that Castillo could not "maintain" employment performing her past relevant work.  We conclude that appellant has not established "exceptional circumstances" for the failure to raise this issue below.[14]  Therefore, we decline to review the issue.

MOTION TO SUBSTITUTE PARTY GRANTED; MOTIONS TO REMAND CASE DENIED; AFFIRMED.

---

[12] 798 F.2d 818 (5th Cir. 1986).

[13] *See Watson*, 288 F.3d at 217-18 (citing *Wingo v. Bowen*, 852 F.2d 827 (5th Cir. 1988)).

[14] *See Kinash*, 129 F.3d at 738 n.10 (refusing to excuse failure to raise an issue below, finding that Kinash had "ample time to bring this issue to the district court's attention").