United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 12, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-21315
Summary Calendar

_____

LAURA B. WITTNER,

                              Plaintiff-Appellant,

versus

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

                              Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(H-01-CV-2746)
--------------------

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     Plaintiff-Appellant Laura B. Wittner, pro se, appeals the

district court's judgment that affirmed the decision of the

Commissioner of Social Security ("Commissioner") denying disability

benefits. In her unusually able pro se brief, Wittner contends on

appeal that the record evidence does not support the decision of

the Administrative Law Judge ("ALJ"). Wittner asserts that the

hearing testimony and medical records establish that she is

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

disabled, arguing that hypertension and pain are sufficiently disabling conditions and that she meets the listing for hypertension.

Our review is limited to determining whether the Commissioner applied the proper legal standards and whether the decision is supported by substantial evidence on the record as a whole. Anthony v. Sullivan, 954 F.2d 289, 292 (5th Cir. 1992). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Villa v. Sullivan, 895 F.2d 1019, 1021-22 (5th Cir. 1990). We may not reweigh the evidence or try the issues de novo. Id. at 1022.

Wittner bears the burden of proving her disability by establishing an impairment. See Wren v. Sullivan, 925 F.2d 123, 128 (5th Cir. 1991). Subjective complaints require corroboration by objective medical evidence. Houston v. Sullivan, 895 F.2d 1012, 1016 (5th Cir. 1989). The disabling nature of pain is an issue for the ALJ to decide, and the ALJ's determination is entitled to considerable deference. Chambliss v. Massanari, 269 F.3d 520, 522 (5th Cir. 2001).

The instant record is devoid of evidence that Wittner suffered from a disabling condition during the period of her insured status. See 42 U.S.C. § 423(d)(1)(A). Wittner does not establish that she satisfied the requirements for a listed impairment, and the record contains no evidence that Wittner met the listing for hypertension. See 20 C.F.R. 404, Subpt. P, App. 1, § 4.00A, § 4.00E2. The ALJ

2

applied the proper legal standards, and the Commissioner's decision is supported by substantial evidence. <u>Anthony</u>, 954 F.2d at 292.

The ALJ concluded that Wittner was not disabled at Step Two of the analysis. This conclusion terminated the analysis, and the ALJ was not required to evaluate Wittner's ability to work. <u>Muse v. Sullivan</u>, 925 F.2d 785, 789 (5th Cir. 1991); <u>Crouchet v. Sullivan</u>, 885 F.2d 202, 204, 206 (5th Cir. 1989).

Undeterred, Wittner contends that the ALJ demonstrated a predisposition to rule against her, stating before the hearing was complete that he would find it difficult to rule in her favor. Wittner insists that the ALJ violated her right to due process and held her to an improper standard by requiring additional record evidence. She also asserts that she was denied the right to counsel. These contentions are belied by the record.

The record shows that the ALJ explained the burden of proof that, as the claimant, Wittner was required to bear if she was to show entitlement to disability benefits. Wittner failed to produce objective medical evidence for the period during which she was insured, as required to substantiate her disability claims. Wittner was sufficiently informed of her right to an attorney, after which she validly consented to proceed without representation. <u>See</u> <u>Castillo v. Barnhart</u>, 325 F.3d 550, 552 (5th Cir. 2003). Furthermore, Wittner has failed to identify any evidence that an attorney might have adduced that would have been sufficient to change the result. <u>See</u> <u>id.</u>

3

The judgment of the district court is

AFFIRMED.