United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 31, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03 - 30843
SUMMARY CALENDAR

———————————————

KHALED MAHMOUD, also knows as Khaled Abdelrehim,

Petitioner - Appellant,

v.

JOHN ASHCROFT, CARYL THOMPSON,

Respondents - Appellees.

—————————————————————————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 03-CV-300

—————————————————————————————————————————

Before REYNALDO G. GARZA, DAVIS, and BARKSDALE, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

In this appeal, we review the district court's dismissal of Petitioner - Appellant, Khaled

Mahmoud's, 28 U.S.C. § 2241 petition seeking release from detention pending removal

proceedings initiated by the Bureau of Immigration and Customs Enforcement (hereinafter,

"BICE").

———————————————

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

-1-

Mahmoud first argues that res judicata bars the Immigration Court in Louisiana from ruling on his removal petition. This argument is without merit. The termination of a prior removal proceeding against Mahmoud was based on the incorrect indication in the original Notice to Appear that the proceedings were to be conducted in New Jersey rather than in Louisiana. Those proceedings were dismissed on jurisdictional grounds without prejudice to the BICE's ability to commence new removal proceedings. Because the merits of the petition were not considered, res judicata is inapplicable. *Medina v. INS*, 993 F.2d 499, 503 (5th Cir. 1993). For the same reason, Mahmoud's argument that the court's failure to apply res judicata unconstitutionally prejudices him is also without merit.

Mahmoud next argues that his detention while awaiting his removal hearing is unconstitutional, but this argument is also without merit. Mahmoud's detention was statutorily mandated pursuant to 8 U.S.C. § 1227(a)(2)(B)(i). Furthermore, detention during a removal proceeding is a constitutionally permissible part of that process. *Demore v. Kim*, 123 S. Ct. 1708, 1721-22 (2003).

Mahmoud also argues that the district court erred in concluding that it did not have jurisdiction to review the validity of the BICE's decision to recommence removal proceedings in the proper venue. Such a discretionary decision by the Attorney General is not subject to review by this court. 8 U.S.C. § 1252(a)(2)(B)(ii), (b)(9), (g); *see Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S.471, 483 (1999).

Finally, Mahmoud argues for the first time on appeal that he is innocent of the underlying conviction for possession of cocaine that triggered the removal proceedings. We need not consider this argument because it does not raise a purely legal question. *See Kelly v. Foti*, 77

F.3d 819, 822 (5th Cir. 1996); *see also Castillo v. Barnahrt*, 325 F.3d 550, 553 (5th Cir. 2003).

For the foregoing reasons, we affirm the district court's judgment.