**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 24, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40370
Summary Calendar

TOMMY W. NIXON,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:02-CV-701
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Tommy W. Nixon ("Nixon") has appealed the denial of his application for Title II disability insurance benefits and Title XVI supplemental security benefits. Nixon contends that the administrative law judge ("ALJ") failed to consider all of the medical evidence when deciding that he did not meet or equal the criteria of Listing 1.03 of the Listing of Impairments. He also contends that the ALJ applied an improper legal standard by failing to consider the cumulative effect of his impairments and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failed to fully develop the record regarding the nature of the medical procedures he underwent. Nixon further argues that the magistrate judge ("MJ") erred in substituting his personal medical opinion for that of the physicians and that the ALJ did not properly assess the severity of his pain.

This court's review of the Commissioner's decision is limited to determining whether substantial evidence in the record supports the decision and whether the Commissioner applied the proper legal standards. Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994). In his decision, the ALJ provided a chronological discussion of the relevant medical evidence concerning Nixon's impairments, including the medical procedures Nixon underwent. The ALJ's decision that "none of [Nixon's] impairments either singly or in combination" satisfy the criteria for any Listing Impairment is supported by substantial evidence. See Leggett v. Chater, 67 F.3d 558, 564 (5th Cir. 1995); Owens v. Heckler, 770 F.2d 1276, 1282 (5th Cir. 1985).

Nixon's argument that the MJ substituted his personal medical opinion for that of the physicians is not supported by the record. Further, his argument is unavailing because the correctness of the district court's decision is not before this court. This court's review is to be made independently of the determinations of the district court, and without regard to whether the district court acted correctly. See Cieutat v. Bowen, 824 F.2d 348, 359-60 (5th Cir. 1987). Nixon failed to

raise his claim that the ALJ did not properly assess the severity of his pain before the district court.  Thus, this court need not consider it.  See Castillo v. Barnhart, 325 F.3d 550, 552 (5th Cir. 2003).

AFFIRMED.