United States Court of Appeals
Fifth Circuit

**F I L E D**

June 2, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 05-30888
Summary Calendar

———————————————

SHARON ROBINSON,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART,

Defendant-Appellee.

———————————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
(No. 2:04-CV-518)

———————————————————————————

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

A social security claimant appeals the district court's decision to affirm the ALJ's

finding that she was not entitled to social security benefits. For the following reasons, we

affirm.

## I. FACTS AND PROCEEDINGS

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Robinson first filed for disability benefits under Title II and supplemental security income benefits under Title XVI in December 2000. She alleged her inability to work began on August 17, 1999. Her claims were initially denied, and she sought review by an administrative law judge ("ALJ"). After a hearing, the ALJ denied benefits. The ALJ concluded that, while Robinson suffered from a combination of impairments, her impairments were not severe. The Appeals Council granted review and remanded the case. Upon remand, a different ALJ considered the evidence, conducted a hearing, and decided that although Robinson's impairments were severe, she was still capable of engaging in past relevant work. Accordingly, the ALJ denied benefits.

After exhausting her administrative remedies, Robinson's decision became final, and she sought review in federal district court under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). A federal magistrate judge heard her case and made recommendations to affirm the decision of the Commissioner. The district court adopted those recommendations and denied relief. Robinson now appeals.

## II. STANDARD OF REVIEW

This court reviews a denial of social security benefits "only to ascertain whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). A final decision is supported by substantial evidence if we find relevant evidence sufficient to establish that a reasonable mind could reach the same conclusion reached by the Commissioner. *See id*. In our review of the evidence, we do not substitute

our judgment for the Commisioner's judgment. *See id.* If there are conflicts in the evidence, we accept the Commissioner's resolution of those conflicts so long as that resolution is supported by substantial evidence. *See id.*

### III. DISCUSSION

The Commissioner uses a sequential five-step inquiry to evaluate disability claims under 42 U.S.C. § 423(d)(1)(A). *Perez v. Barnhart,* 415 F.3d 457, 461 (5th Cir. 2005); 20 C.F.R. § 404.1520(a)(4). In step four of the inquiry, the Commissioner considers whether the impairment prevents the claimant from doing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). The ALJ found that Robinson was not disabled because her impairments did not prevent her from performing her past relevant work.

Robinson raises three issues on appeal. First, she argues that the ALJ erred in finding that she could perform past relevant work because the ALJ did not resolve conflicting medical evidence and because there is no substantial evidence supporting the finding. Second, Robinson argues that the ALJ failed to properly evaluate her mental impairments such as her cognitive, depressive, and pain impairments in the aggregate. Finally, she argues that the ALJ failed to properly evaluate and consider Robinson's obesity.

### A. Robinson's past relevant work

The ALJ concluded that Robinson had the residual functioning capacity ("RFC") to perform past relevant work as a medical receptionist. In concluding that Robinson had a RFC sufficient to allow her to perform past relevant work, the ALJ found that Robinson

3

"can occasionally kneel, crouch, climb, balance, crawl, stoop and reach in all directions (including overhead)." Robinson argues that in reaching this conclusion the ALJ did not give proper weight to the findings of Dr. Po, who was one of her examining doctors. Dr. Po determined that she should not stoop, crawl, balance, or climb. Therefore, she concludes that the ALJ failed to properly resolve the evidentiary conflict on Robinson's ability to stoop. Robinson argues that, under the Social Security Administration policy in SSR 96-6p, "[ALJs] . . . may not ignore [the opinions of physicians designated by the Commissioner] and must explain the weight given to these opinions in their decisions." Because conflicts in evidence are to be resolved by the ALJ, and not the courts, Robinson argues that we should reverse the ALJ's determination.

Robinson, however, raises the SSR 96-6p issue for the first time on appeal.[1] An argument not raised before the district court is waived unless there are "exceptional circumstances" and addressing the issue is in the "interests of justice." *Castillo v. Barnhart*, 325 F.3d 550, 553 (5th Cir. 2003) (internal quotations omitted). *See also Kinash v. Callahan*, 129 F.3d 736, 739 n.10 (5th Cir. 1997). Robinson had ample opportunity to raise this issue below but did not. Nor has she has demonstrated exceptional circumstances. Accordingly, her argument that the ALJ did not follow SSR 96-6p is waived.

Aside from her SSR 96-6p argument, Robinson argues there was not substantial evidence from which the ALJ could conclude that she maintains the RFC to perform past

---

[1]Robinson's arguments to the district court for reversing the ALJ were that (1) there was no substantial evidence for the ALJ's finding regarding RFC and (2) the ALJ failed to evaluate Robinson's mental impairments in the aggregate.

relevant work. However, the record plainly reveals evidence sufficient to establish that a reasonable mind could reach the same conclusion as the Commissioner. As noted by the district court, even Dr. Po's findings indicated that Robinson could crouch, which is an activity similar to stooping, but even more strenuous. *See* SSR 85-15 (noting that stooping requires "bend[ing] the spine alone" and crouching requires "bend[ing] both the spine and legs"). As the district court also noted, the record shows that Robinson engaged in certain tasks that involved stooping. For instance, Robinson stated that she picked up things from the floor and straightened her bedroom. Moreover, two physicians, Drs. Perry and Ruiz, also indicated in their evaluations of Robinson that she is not limited in occasional stooping, kneeling, crouching, and crawling.

We hold that substantial evidence supports the Commissioner's determination that Robinson had sufficient RFC to perform past relevant work and that the proper legal standard was applied.

## B. Evaluation of the mental impairments in the aggregate

More than a year before her alleged disability onset, Robinson underwent psychological testing conducted by a clinical psychologist. In the psychologist's opinion, Robinson suffered from a mild traumatic brain injury and depression and required additional testing. Robinson argues that the ALJ erred in not fully developing the record regarding Robinson's alleged mental impairments by failing to order more psychological testing at the behest of the examining psychologist. In addition, Robinson argues the ALJ erred in not applying the "slight abnormality" standard to Robinson's mental

5

impairments. For the following reasons, we disagree.

This court will hold that the ALJ's decision is not supported by substantial evidence if the claimant demonstrates "(1) that the ALJ failed to fulfill his duty to adequately develop the record, and (2) that the claimant was prejudiced thereby." *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996) (citing *Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984)). But ordering a consultive evaluation is only required "when the claimant presents evidence sufficient to raise a suspicion concerning a non-exertional impairment." *Id.* Plus, the decision to order a consultive evaluation is within the discretion of the ALJ. *Anderson v. Sullivan*, 887 F.3d 630, 634 (5th Cir. 1989). Here, the ALJ's decision not to order a consultive evaluation was not required and was properly within the ALJ's discretion because the claimant neither requested a consultive evauation nor listed a mental impairment in her request for benefits. *See Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995) (holding that the ALJ's duty to investigate does not extend to possible disabilities not claimed or not clearly apparent from the record); *Pierre v. Sullivan,* 884 F.2d 799, 803 (5th Cir. 1989) (per curiam) (same). Moreover, the psychologist's recommendation for more testing came more than a year prior to Robinson's alleged onset of disability.

The court also finds no merit in Robinson's argument that the ALJ erred in failing to apply the "slight abnormality" standard. In *Stone v. Heckler*, this circuit interpreted the term "severe" found in 20 C.F.R. § 404.1520(c) and determined that an impairment is "considered not severe only if it is a slight abnormality" that has such a "minimal effect on the individual that it would not be expected to interfere with an individual's ability to

6

work." 752 F.2d 1099, 1101 (5th Cir. 1985). *See also Loza v. Apfel*, 219 F.3d 378, 390–91 (5th Cir. 2000). While the "slight abnormality" standard is used by an ALJ to determine whether an impairment is severe, that standard is not applied after the ALJ finds the impairment to be severe. *Harrell v. Bowen*, 862 F.2d 471, 481 (5th Cir. 1988) (distinguishing between severe and disabling impairments); *Chapparo v. Bowen*, 815 F.2d 1008, 1011 (5th Cir. 1987) (same).

The ALJ found that Robinson's impairments were severe, but that she could still engage in past relevant work. Robinson does not challenge the finding that the mental impairments did not prevent her from engaging in gainful employment. Accordingly, we reject Robinson's argument that the ALJ erred by not applying the "slight abnormality" test.

## C.    Robinson's obesity

Robinson notes that the ALJ did not identify, mention, or discuss obesity as an impairment or a risk factor. This argument could have been made before the district court but is raised for the first time on appeal. Accordingly, this claim is waived and will not be heard on appeal as Robinson has not presented extraordinary circumstances that justify doing so. *Castillo*, 325 F.3d at 553; *Kinash*, 129 F.3d at 739 n.10.

## IV.  CONCLUSION

The order of the district court is AFFIRMED.