IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 15, 2007

Charles R. Fulbruge III
Clerk

No. 07-30491
Summary Calendar

DANIEL C. JENKINS

Plaintiff-Appellant

V.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:05-CV-2112

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

The Commissioner of Social Security denied Daniel C. Jenkins' claim for Disability Insurance Benefits and/or Supplemental Security Income benefits, and the district court affirmed the decision. As discussed infra, the denial of benefits is supported by substantial evidence and is in accordance with the law.

Jenkins filed an application for disability insurance benefits on 31 July 2000, claiming a work-related leg injury in 1993 rendered him unable to work.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Upon the claim's being denied, Jenkins requested a hearing before an Administrative Law Judge (ALJ). Benefits were denied by the ALJ, but the Appeals Council remanded the case for further proceedings. On remand, benefits were again denied; again, the Appeals Council remanded the case. The third ALJ hearing also resulted in a denial of benefits, which was upheld by the Appeals Council.

As a result, Jenkins filed this action in district court. The district judge adopted the magistrate judge's report and recommendation and affirmed.

The Commissioner's decision is reviewed "only to ascertain whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence". Newton v. Apfel, 209 F.3d 448, 452 (5th Cir. 2000) (citations omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion", Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted); it must be "more than a scintilla, but less than a preponderance". Johnson v. Bowen, 864 F.2d 340, 343 (5th Cir. 1988). Jenkins asserts: the ALJ applied improper legal standards; and his determination is not supported by substantial evidence.

Jenkins first maintains the ALJ did not properly consider, and give weight to, the testimony of two vocational-rehabilitation experts. Regarding step 5 of the well-established sequential evaluation process, the experts opined, in response to hypothetical questions posed by Jenkins' counsel: a person who needed to take breaks every 30 minutes for an indefinite duration could not find work in significant numbers in the national economy. See 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(1). The ALJ, however, did not give credence to that testimony.

When hypothetical testimony by a vocational expert is unsupported by the evidence, the ALJ may properly disregard that testimony. Owens v. Heckler, 770

F.2d 1276, 1282 (5th Cir. 1985). Jenkins' treating physician, Dr. Waldman, whose opinion is afforded considerable weight, 20 C.F.R. § 404.1527(d)(2), opined Jenkins could sit for prolonged periods of time, so long as his leg was positioned in a manner he found desirable. The opinions of Jenkins' other examining physicians reiterated Dr. Waldman's findings. Two specialists, whose opinions are also afforded additional weight, 20 C.F.R. § 404.1527(d)(5), found Jenkins' ability to perform work that required sitting would not be impaired. Because there is substantial evidence that the hypothetical questions posed to the vocational experts were unsupported by medical evidence, the ALJ's decision to disregard their testimony was proper.

The ALJ rejected Jenkins' contention that his injury caused him debilitating pain. Jenkins contends this ruling improperly discredited his testimony. "It is within the ALJ's discretion to determine the disabling nature of a claimant's pain, and the ALJ's determination is entitled to considerable deference." Chambliss v. Massanari, 269 F.3d 520, 522 (5th Cir. 2001) (citations omitted). To this end, the ALJ is required to make "affirmative findings regarding a claimant's subjective complaints [of pain]", Falco v. Shalala, 27 F.3d 160, 163 (5th Cir. 1994), and such findings "should be upheld if supported by substantial evidence". Chambliss, 269 F.3d at 522 (citation omitted).

Substantial evidence exists to support the ALJ's discrediting Jenkins' subjective complaints of pain. As the ALJ found, Jenkins takes only minor pain medication consisting of aspirin and Naprosyn, a non-steroidal anti-inflammatory agent. Moreover, the ALJ found no evidence of the Naprosyn prescription's being filled since 2002. In addition, Jenkins' treating physician released him to do sedentary work as far back as 1998. Finally, the ALJ found Jenkins' failure to receive further treatment undercut his subjective claims of pain. On this point, Jenkins asserts the ALJ failed to recognize that Jenkins' physician, Dr. Drury, found Jenkins had reached "maximum medical

improvement" and did not require further treatment. This assertion is unavailing. Having reached "maximum medical improvement" does not corroborate Jenkins' claims; there is no evidence Jenkins ever complained to Dr. Drury of ongoing pain after his initial consultation in 2003 or sought a refill of his Naprosyn prescription. In the light of these factors, as well as the deference afforded the ALJ's determinations regarding disabling pain vel non, there is substantial evidence to support the ALJ's decision to discredit Jenkins' testimony.

For his final contention, Jenkins contends the ALJ erroneously used Jenkins' 1998 earnings to discredit his assertion that he had done only minimal lawn-service work since his last ALJ hearing. Assuming, arguendo, the ALJ erred in considering those earnings in determining Jenkins' credibility, the error was harmless. See Audler v. Astrue, No. 07-60187, 2007 WL 2745001, at *2 (5th Cir. Sept. 21, 2007) (citing Morris v. Bowen, 864 F.2d 333, 334 (5th Cir. 1988)). As discussed, the ALJ's credibility determination was based on substantial evidence. Therefore, it is immaterial whether it was error additionally to consider the 1998 earnings on that credibility point.

AFFIRMED.