IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 2, 2008

Charles R. Fulbruge III
Clerk

No. 07-51018
Summary Calendar

REYMUNDO R MENDOZA

Plaintiff - Appellant

v.

MICHAEL J ASTRUE, COMMISSIONER OF SOCIAL SECURITY

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:06-CV-982

Before JOLLY, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

The Commissioner of Social Security denied Reymundo Mendoza's application for Supplemental Security Income ("SSI"). See 42 U.S.C. §§ 1381–1381c. The district court affirmed and Mendoza now appeals. Finding no error, we AFFIRM.

The facts are not in substantial dispute. In his application for SSI, Mendoza alleged significant disabilities, including back problems, hepatitis C,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

liver problems, gastroesophogeal reflux disease, and vision problems. The Administrative Law Judge ("ALJ") below determined that Mendoza is not disabled within the meaning of the Social Security Act ("the Act") and was therefore not entitled to SSI. The Appeals Council denied further review; the decision of the ALJ therefore became the final decision of the Commissioner.

> We review the denial of benefits only to ascertain whether substantial evidence supports the final decision and whether the Commissioner used the proper legal standards to evaluate the evidence. We affirm the Commissioner's findings whenever supported by substantial evidence. Substantial evidence "is more than a mere scintilla and less than a preponderance."

Masterson v. Barnhart, 309 F.3d 267, 272 (5th Cir. 2002) (quoting Newton v. Apfel, 209 F.3d 448, 452 (5th Cir. 2000)) (citations and quotation marks omitted).

Mendoza appears to challenge the evidentiary basis of the ALJ's decision.[1] The evidence before the ALJ was more than sufficient to establish that Mendoza was not disabled within the meaning of the Act and despite his various maladies. See Lorza v. Apfel, 219 F.3d 378, 390 (5th Cir. 2000) (describing five-element test for determining existence of a disability, including evaluation of applicant's present ability to engage in substantial gainful activity and applicant's ability to return to past work). In particular, the evidence showed that Mendoza engaged in substantial gainful employment—as a dishwasher for a restaurant—during the periods relevant to his application for SSI. As such,

---

[1] This is a generous reading of Mendoza's brief. The arguments advanced by Mendoza are difficult to discern, even given our generous approach to pro se briefs. Mendoza served a prison sentence from March 1974 to February 2003 and was accordingly not eligible for SSI. See § 1382(e)(1); 20 C.F.R. § 404.468. Most of Mendoza's arguments appear directed towards the putative illegality of the Act making prisoners ineligible for SSI—Mendoza cites both liberty interest concerns and ex post facto concerns. But the ALJ found that Mendoza was actually not disabled; Mendoza's eligibility turns on that determination, not his incarceration.

Mendoza did not qualify as disabled under § 1382c(a)(3)(A).[2]  See also 20 C.F.R. § 416.920(a)(i).  Further, Mendoza's work as a dishwasher also supported the ALJ's determination that Mendoza remained capable of working full time, and was therefore not disabled.  See 20 C.F.R. § 416.920(a)(4)(iv).  Thus, though there is medical evidence that Mendoza was in some degree of pain,[3] the determination of the ALJ is nevertheless supported by substantial evidence.

AFFIRMED.

---

[2] Section 1382c(a)(3)(A) provides in relevant part:  "an individual shall be considered to be disabled for purposes of this subchapter if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical . . . impairment which . . . can be expected to last for a continuous period of not less than twelve months."

[3] Mendoza makes some reference to a motion to file an affidavit in support of his brief, presumably with the purpose of establishing new medical evidence.  This motion is not properly before us, as Mendoza was notified of the motion's failure to comply with 5TH CIR. R. 31.1 but failed to cure its defects.  Moreover, Mendoza apparently attempted to submit this new evidence to the district court, which appropriately found that it only supported filing of a new SSI application, not remand to the Social Security Administration.  See Ellis v. Bowen, 820 F.2d 682, 684 (5th Cir. 1987); 42 U.S.C. 405(g).