# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 3, 2010

No. 09-20356

Charles R. Fulbruge III
Clerk

GWENDOLYN BYRD,

Plaintiff – Appellant

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant – Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-202

Before SMITH, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Gwendolyn Byrd applied for disability insurance benefits based on complaints of neck and back pain, shoulder pain, and carpal tunnel syndrome. After a hearing, an Administrative Law Judge found that Byrd had the residual functional capacity to perform her past work and was therefore not disabled within the meaning of the Social Security Act. The Appeals Council, after considering additional evidence submitted by Byrd, denied relief. Byrd filed a complaint in federal district court, and the parties consented to proceed before

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-20356

a magistrate judge.  The magistrate judge affirmed the Commissioner's denial in a lengthy opinion.  Byrd appeals, arguing that the ALJ's decision was not supported by substantial evidence; that her waiver of counsel was invalid; and that the ALJ failed to adequately develop the record in light of her *pro se* status.

Having scrutinized the record evidence before us, we conclude that the ALJ applied the correct legal standards and that substantial evidence supports his decision.  *See Audler v. Astrue*, 501 F.3d 446, 447 (5th Cir. 2007).  Though the ALJ appears to have given less weight to the treating physician's opinions than to those of the medical expert called at the hearing, "[c]onflicts of evidence are for the Commissioner, not the courts, to resolve."  *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005).  Additionally, Byrd's claim that her waiver of the right to counsel was invalid lacks merit.  The record reflects that she executed a written waiver, and she makes no assertion to the contrary.  *See Castillo v. Barnhart*, 325 F.3d 550, 552 & n.4 (5th Cir. 2003).  Finally, Byrd argues that the ALJ failed to develop a proper record in light of her unrepresented status.  This argument falters because even assuming the ALJ was deficient, Byrd has not shown that she "could and would have adduced evidence that might have altered the result."  *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996) (quotation omitted).

Accordingly, and essentially for the reasons stated by the magistrate judge, we AFFIRM the judgment of the district court.