# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 3, 2010

Lyle W. Cayce
Clerk

No. 09-30954
Summary Calendar

PAUL FERRARI

Plaintiff - Appellant

v.

MICHAEL J ASTRUE, COMMISSIONER OF SOCIAL SECURITY

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:08-CV-719

Before JONES, Chief Judge, and DAVIS and WIENER, Circuit Judges.

PER CURIAM:[*]

Paul Ferrari appeals from the district court's judgment affirming the Social Security Administration Commissioner's denial of disability insurance benefits and supplemental security income payments pursuant to 42 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

No. 09-30954

§ 405(g). Liberally construing Ferrari's pro se brief,[1] we discern that Ferrari assigns two points of error: (1) the Administrative Law Judge (ALJ)[2] failed to thoroughly analyze aspects of Ferrari's medical record, and (2) the psychologist's report relied upon by the ALJ contained inaccurate and character-damaging information that biased the evaluation of Ferrari's disability claim. These arguments were not raised below, however, and this court ordinarily does not consider evidence or arguments that were not presented to the district court. *Castillo v. Barnhart*, 325 F.3d 550, 553 (5th Cir. 2003). Ferrari has not alleged any "exceptional circumstances" explaining his failure to present these arguments below, which, "in the interests of justice," would persuade this court to review the issues he now raises for the first time. *See id.*

Ferrari also attaches to his appellate brief medical documentation that was not included in the certified administrative transcript. Our review is limited to the record made before the ALJ,[3] and we can only remand[4] for the taking of new evidence when it is material and there is "good cause . . . shown for the failure to incorporate the evidence into the record in a prior proceeding." *Bradley v. Bowen*, 809 F.2d 1054, 1058 (5th Cir. 1987); 42 U.S.C. § 405(g).

---

[1] *See Abdul-Alim Amin v. Universal Life Ins. Co. of Memphis, Tenn.*, 706 F.2d 638, 640 n.1 (5th Cir. 1983).

[2] The ALJ's decision became the Commissioner's final decision when the Social Security Administration Appeals Council declined to review the ALJ's determination. *See* 20 C.F.R. § 416.1429 *et seq.*

[3] *Ellis v. Bowen*, 820 F.2d 682, 684 (5th Cir. 1987).

[4] We note that Ferrari does not seek remand for the Commissioner to review his newly presented medical evidence, but asks this court to consider the evidence in the first instance. We are precluded from doing so by statute. *See* 42 U.S.C. § 405(g); *Ellis*, 820 F.2d at 684.

No. 09-30954

Having examined Ferrari's additional evidence, we conclude that it does not satisfy the statutory standard for remand because it is either cumulative of other record evidence, immaterial in that it is unlikely to have changed the ALJ's decision, or both. *See Pierre v. Sullivan*. 884 F.2d 799, 803 (5th Cir. 1989) (citations omitted). Ferrari particularly relies upon a "Medical Source Statement of Ability To Do Work-Related Activities (Physical)" rendered in June 2008, approximately eight months after Ferrari's October 2007 hearing before the ALJ, but we have rejected as immaterial new evidence that does not relate to a claimant's condition at the time of the disability application or hearing. *See Haywood v. Sullivan*, 888 F.2d 1463, 1471–72 (5th Cir. 1989). Thus, remand in light of Ferrari's additional evidence is unwarranted.

For the foregoing reasons, the district court's judgment is AFFIRMED.