# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 12, 2012

No. 12-60260
Summary Calendar

Lyle W. Cayce
Clerk

JANICE HUGHES, for T.H., a minor

Plaintiff-Appellant

v.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 10-CV-586

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Appellant Janice Hughes, on behalf of T.H., appeals from an order of the district court affirming the decision of the Commissioner of Social Security to deny her children's Supplemental Security Income (SSI) benefits. Having considered the complete administrative record, the administrative law judge's (ALJ's) decision, and the thorough opinion of the district court, we agree with the district court that the ALJ's findings are supported by substantial evidence and the district court's order is affirmed.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60260

## I.

Hughes filed an application on October 24, 2005 for SSI on behalf of T.H., her minor child, alleging disability based on seizure and attention deficit hyperactivity disorders. T.H. was born on October 27, 1998, and was six years old at the time the application was first filed. Hughes's application was initially denied and again denied on reconsideration. Hughes administratively appealed and a hearing on the appeal was held on October 9, 2007 in which Hughes, on behalf of T.H., represented herself.

This appeal concerns the denial of SSI based on the determination that T.H. was not disabled between October 24, 2005 and March 25, 2008. Hughes thereafter filed a second application for benefits on behalf of T.H., this time alleging a disability onset date of April 7, 2008. Hughes also submitted additional evidence in support of her first application. With respect to her second application, T.H. was determined disabled since April 7, 2008, and Hughes was awarded benefits on T.H.'s behalf. With respect to her initial application, the Appeals Council held that the new evidence did not provide a basis for altering the ALJ's decision that T.H. was not disabled prior to March 25, 2008. Hughes now appeals the decision denying T.H.'s first application for benefits which found no disability between October 24, 2005 and March 25, 2008. The Appeals Council denied review, making the ALJ's determination the final decision of the Commissioner. The appellant challenged the administrative denial of benefits in the appeal to the district court. The district court in a thorough opinion rejected the appeal and affirmed the denial of benefits.

On appeal to this court, appellant contends: (1) the ALJ erred in allowing Hughes to waive representation because she is mentally ill; (2) the ALJ failed to

No. 12-60260

fully develop the record; (3) the ALJ's decision was not supported by substantial evidence, failed to properly weigh evidence, failed to explain why the impairments do not meet or equal a listing, and failed to explain credibility findings; and (4) the Appeals Council erred in its "terse denial."

## II.

Our review is limited to "(1) whether there is substantial evidence in the record to support the decision; and (2) whether the decision comports with relevant legal standards." *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996). Evidence is substantial if it is "relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). This court "may not reweigh the evidence in the record, nor try the issues *de novo*, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision." *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994) (first alteration in original) (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988)).

## III.

We have reviewed the briefs and the record on appeal and are not persuaded by Hughes's claims of error. The district court thoroughly addressed the arguments Hughes raises on appeal, and we affirm for substantially the reasons set forth in its opinion and order filed on March 12, 2012. The district court made detailed findings after carefully examining the medical evidence in the record and in concluding that the plaintiff failed to satisfy her burden of

proof in establishing entitlement to benefits. *See Hughes v. Astrue*, No. 3:10–cv–586–WHB–LRA (S.D. Miss. Mar. 12, 2012).

In summary, Hughes contends the ALJ erred in permitting her to represent T.H. because Hughes herself is mentally ill. While a disability claimant has a right to representation in Social Security proceedings, the right to counsel may be waived when the claimant is given sufficient information to enable her to decide intelligently whether to retain counsel or proceed pro se. *See Castillo v. Barnhart*, 325 F.3d 550, 552 (5th Cir. 2003). The record reflects that during the hearing the ALJ advised Hughes at length of T.H.'s right to be represented at the hearing and Hughes expressly declined representation and signed a waiver of representation.

Hughes now argues that she is schizophrenic and should not have been permitted to waive representation and points to a statement and records she submitted to the Appeals Council in April 2010 in which she advised she suffers from schizophrenia. Such evidence was not part of the record before the ALJ. Further, there is no indication from the transcript of the hearing that Hughes was affected by any impairment or was otherwise incapable of waiving representation on behalf of T.H. Even assuming Hughes's waiver was ineffective, a claimant must also show that she was prejudiced by a lack of representation, and Hughes has not done so here. *See id.*

Hughes alleges she suffered prejudice and that the ALJ failed to fully develop the record because when Hughes did receive assistance of counsel and additional evidence was made part of Hughes's second application for benefits, such benefits were granted. However, as the district court noted, the additional evidence made part of the record upon which the April 7, 2008 benefits decision

No. 12-60260

largely relied were medical and educational reports dated November 2008, which could not have been added to the record or reviewed by the ALJ prior to her March 2008 decision. Further, there is no evidence that these additional records "relate to the time period for which benefits were denied." *See Haywood v. Sullivan*, 888 F.2d 1463, 1471 (5th Cir. 1989) (quoting *Johnson v. Heckler*, 767 F.2d 180, 183 (5th Cir. 1985)). Thus Hughes has failed to establish that her waiver of representation was ineffective and has failed to establish that she was prejudiced by a lack of representation.

As to appellant's remaining arguments regarding the substantive issue of T.H.'s disability, we find the ALJ's decision finding no disability between October 24, 2005 and March 25, 2008 supported by substantial evidence in the record. While Hughes argues T.H. met, medically equalled, or functionally equalled the requirements for either Listing 112.11 for ADHD, Listing 111.02 A or B for seizures, or Listing 112.05 C for mental retardation, the ALJ's determination that she did not meet, medically equal, or functionally equal any listing that would warrant benefits is consistent with medical and educational evidence. This includes the findings of Doctors Herzog, Hebert, and Brown.

IV.

Having carefully reviewed the record, we conclude that the order of the ALJ, denying T.H. disability benefits, is supported by substantial evidence and comports with relevant legal standards. Accordingly, the district court's Order Affirming the Decision of the Commissioner is AFFIRMED.

5