# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30545
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 28, 2016

Lyle W. Cayce
Clerk

PHYLLIS ANN FRISBY,

      Plaintiff - Appellant

v.

CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL
SECURITY,

      Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:13-CV-3119

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:*

Phyllis Ann Frisby ("Frisby") appeals a decision denying her disability benefits under Title II of the Social Security Act, 42 U.S.C. § 423. She claims disability as of November 4, 2010 due to diabetes, high blood pressure, arthritis, neuropathy, and ruptured Achilles tendons in both ankles. After the Commissioner denied her application for benefits, she received a hearing in front of an Administrative Law Judge ("ALJ"). Frisby testified at that hearing

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30545

that she had been working full-time as an apartment manager until November 2010, when her employer closed down her apartment community. She testified that she returned to work as an apartment manager for the same company in September 2011, earning about $2,000 per month. She drew unemployment benefits in between. She also testified that her employer allowed her to live in a corporate apartment on the property. Though employed full-time, her testimony indicated that she was "not being very productive right now." A co-worker submitted an affidavit that Frisby had physical difficulty at work and required assistance from other employees to do her job.

The ALJ evaluated Frisby's claim using the "five-step sequential analysis":

> (1) whether the claimant is currently engaged in substantial gainful activity (whether the claimant is working); (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals the severity of an impairment listed in 20 C.F.R., Part 404, Subpart B, Appendix 1; (4) whether the impairment prevents the claimant from doing past relevant work (whether the claimant can return to his old job); and (5) whether the impairment prevents the claimant from doing any other work.

*Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005) (citations omitted); *see also* 20 C.F.R. § 404.1520(a)(4). The ALJ denied her claim at Step One. It found she had engaged in "substantial gainful activity" since September 2011. *See* 20 C.F.R. § 404.1572. Specifically, the ALJ found that she had engaged in "substantial work activity," *see id.*, since September 2011 when she returned to work and had worked for "substantial earnings" in that capacity, *see* 2 C.F.R. § 404.1574(a)(1). The ALJ also noted the inconsistency in Frisby's claim for disability benefits and her receipt of unemployment benefits, which requires an individual to hold herself out as being "ready, willing, and able to work." *See Thibodeaux v. Astrue*, 324 Fed. Appx. 440, 443 (5th Cir. 2009);

No. 15-30545

*Barrett v. Shalala*, 38 F.3d 1019, 1024 (8th Cir. 1994). The ALJ denied her claim because the evidence indicated Frisby's condition did not prevent her from engaging in substantial gainful activity for the required continuous twelve-month period. *See* 42 U.S.C. § 423(d)(1)(A).

The Appeals Council denied Frisby's request for review, rendering the ALJ's decision as the Commissioner's final administrative action. She further appealed to the district court pursuant to 42 U.S.C. § 405(g), which affirmed the ALJ's decision for the Commissioner. She now appeals to this Court.

> Our review of the Commissioner's decision is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It is more than a mere scintilla and less than a preponderance. In applying the substantial evidence standard, the court scrutinizes the record to determine whether such evidence is present, but may not reweigh the evidence or substitute its judgment for the Commissioner's. Conflicts of evidence are for the Commissioner, not the courts, to resolve. If the Commissioner's fact findings are supported by substantial evidence, they are conclusive.

*Perez*, 415 F.3d at 461 (internal citations and quotations omitted). Applying these standards, we affirm the ALJ's decision.

Frisby's own testimony indicates that she received substantial earnings after she returned to work in September 2011. *See* 20 C.F.R. § 404.1574(b)(2) (setting the substantial earnings level). Generally, working for substantial earnings indicates an ability to do substantial gainful activity absent a contrary showing by the claimant. *See id.* § 404.1574(a)(1); *id.* § 404.1574(b); *Copeland v. Colvin*, 771 F.3d 920, 924 (5th Cir. 2014); *White v. Heckler*, 740 F.2d 390, 394 (5th Cir. 1984). To be found disabled, an individual must be unable to engage in substantial gainful activity by reason of a medical

impairment for a continuous period of at least twelve months. *See* 42 U.S.C. § 423(d)(1)(A). Since Frisby returned to substantial gainful activity in September 2011, less than twelve months after the alleged onset of her disability in November 2010, she is not disabled and cannot receive benefits. *See Barnhart v. Walton*, 535 U.S. 212, 217-22, 122 S. Ct. 1265, 1269-72 (2002).

Frisby does not contest this on appeal. Instead, she argues the ALJ erred by failing to address evidence that she returned to work under special conditions. These are that she was not supervised at work, lived onsite in a corporate apartment, and received assistance from other employees. Work done under special conditions may not support a finding that a claimant is able to do substantial gainful activity. *See* 20 C.F.R. § 404.1573(c). Frisby's argument is foreclosed by our analogous decision in *Ellis v. Bowen*, where we held "the fact that a person works in a sheltered environment or at some other subsidized job does not alone establish disability if the claimant receives substantial earnings." 820 F.2d 682, 684 (5th Cir. 1987). Thus, even if Frisby could establish that she worked under special conditions, disability payments are precluded by the ALJ's finding that she engaged in substantial gainful activity by means of her substantial earnings. *Id.* Moreover, even if the evidence supporting Frisby's claim of special conditions is true, it falls short of the burden she must meet because she has not demonstrated her employer permitted her to work at a lower level of productivity or consented to, or was even aware of, the alleged accommodations. *See* 20 C.F.R. § 404.1573(c).

For these reasons, the judgment is **AFFIRMED**.[1]

---

[1] We need not address Frisby's argument that the district court affirmed the ALJ's decision on grounds different from those relied upon by the ALJ. *See Randall v. Astrue*, 570 F.3d 651, 663 (5th Cir. 2009) ("It is well established . . . that even though the case comes to us on appeal from a final judgment of the district court, we focus our review not on the district court's decisional process but on the ALJ's.").