# United States Court of Appeals for the Fifth Circuit

————————

No. 23-30355

————————

United States Court of Appeals
Fifth Circuit

**FILED**

October 19, 2023

Lyle W. Cayce
Clerk

Tiffany Latres' Stamper,

*Plaintiff—Appellant*,

*versus*

Kilolo Kijakazi, *Acting Commissioner of Social Security*,

*Defendant—Appellee*.

————————————————————————

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:21-CV-460

————————————————————————

Before Wiener, Stewart, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Tiffany Latres' Stamper applied for social security disability benefits. An administrative law judge ("ALJ") denied the application, and a magistrate judge recommended dismissing her subsequent challenge. The district court agreed and affirmed. We affirm as well.

When reviewing a "final decision" of the Commissioner, we ask if the decision was "supported by substantial evidence" and if "the Commissioner

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

used the proper legal standards to evaluate the evidence." *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017) (citation omitted). This standard is "exceedingly deferential." *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012). It is even more deferential when, as here, the plaintiff fails to object to the magistrate judge's report and recommendation. In such cases, we will only reverse if there is plain error. *See Sneed v. Austin Indep. Sch. Dist.*, 50 F.4th 483, 490 (5th Cir. 2022) (citation omitted). An error is plain if it is "clear or obvious" and "affects [a plaintiff's] substantial rights." *Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 506 (5th Cir. 2012) (citing *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

Stamper cannot show any error, let alone clear error. To begin, she argues that the ALJ failed to consider the proper disability onset date. But he did. And that determination is supported by substantial evidence, including Stamper's admission that the onset date was 2018 and documents indicating that she was earning wages before that date.

Stamper also points to the statement of a vocational expert declaring her to be disabled. Yet that testimony was responding to a hypothetical question posed by the ALJ. We have explained that "[w]hen hypothetical testimony by a vocational expert is unsupported by the evidence, the ALJ may properly disregard that testimony." *Jenkins v. Astrue*, 250 F. App'x 645, 647 (5th Cir. 2007) (citation omitted). That is what happened here.

Stamper's remaining claims either lack merit or are waived. For instance, Stamper raises vague, conclusory allegations of constitutional and civil rights violations and judicial misconduct. Because she never raised these issues before the district court, we decline to address them. *See Castillo v. Barnhart*, 325 F.3d 550, 552 (5th Cir. 2003). Stamper also contends that there were inaccuracies in the administrative record and in the ALJ's decision, but she does not explain what those inaccuracies were. Her failure

to "adequately [] brief" this issue "constitutes waiver of that argument." *Proctor & Gamble v. Amway Corp.*, 376 F.3d 496, 499 n.1 (5th Cir. 2004); *see also United States v. Fernandez*, 48 F.4th 405, 412 (5th Cir. 2022). And, while Stamper contends that certain exhibits submitted by her attorney were improperly excluded, the record shows the ALJ permitted her attorney to submit those exhibits and even referenced some of them in the decision denying her relief.

AFFIRMED.